Deaderick, J.,
delivered the opinion of the Court.
At a former term of this Court a decree was pronounced upon the application of complainant, granting her a divorce from bed and board, allowing alimony, and remanding the cause to the Chancery Court at Franklin for execution.
Upon the return of the cause to the Chancery Court an order was made upon the Clerk and Master to hear proof and report whether any fees were due to her solicitors from complainant, for services rendered in this cause in the Supreme Court and, if so, what number of counsel she was entitled to have in said *126 Court, and if any such fees were due and payable, tbe amount of the same.
The Master heard proof and reported that two counsel appeared for complainant, and that $100 to each would be reasonable compensation for their services, and that it was necessary and proper for the complainant to have, the services of two solicitors.
The defendant excepted to this report, because, amongst other causes assigned not necessary to be noticed, the Chancery Court had no jurisdiction to allow fees for services performed in the Supreme Court, the cause having been remanded simply for the execution of the decree of the Supreme Court as to the divorce and alimony. Another exception is, that the services of one solicitor in the Supreme Court were sufficient, and that the employment of more than one was oppressive.
We can not say that it was either unnecessary or improper that the complainant should have the services of two counsel in the Supreme Court; and while the Court should restrain the complainant in such cases from the employment of more counsel than may be necessary to the efficient prosecution of the cause, we are of opinion that it is neither improper nor oppressive that two competent counsel in such cases should be employed, and we think that the fees allowed are reasonable. The terms of the decree remanding the cause do not expressly authorize the Chancery Court to make any decree in regard to fees of counsel. Such fees are part of the expenses incident to the cause, and are generally allowed to the wife, whether she be *127 complainant or defendant, in a suit for divorce. They follow, and are usually adjudicated with, the allowance of alimony and costs to the wife, but are not in themselves’ the substantive objects of the litigation.
The cause being remanded to the Chancery Court for the execution of the decree of this Court, that Court may make all necessary orders to carry out such decree, and may also, as an incident to such power, ascertain and adjudge such costs and expenses as have been incurred, or may be necessarily incurred, in the progress of the cause.
While the cause was pending here, upon proper application a reference would have been ordered as to solicitors’ fees in this Court, but there does not appear to be any good reason why the same inquiry may not be directed in the Chancery Court. In either Court the same testimony would be heard, and probably the same result attained.
The decree of the Chancellor will be affirmed.