ELIZABETH R. TAYLOR *v.* C. H. TAYLOR.

(*Jackson,* April Term, 1921.)

1. **DIVORCE.** Omission of complainant to procure indorsement of divorce, proctor held cured.

Where complainant filed bill for divorce without procuring an acknowledgement of service on the divorce proctor, pursuant to Public Acts 1915, chapter 121, providing that it shall be the duty of the divorce proctor to appear at the trial for every bill of divorce, and that it shall be his duty to acknowledge service of every bill of divorce, yet, where the indorsement was subsequently made before the case was tried, and defendant answered before he questioned the omission, the proceeding cannot be treated as void; the divorce proctor appearing and advising the court. (*Post, pp.* 314, 315.)

Acts cited and construed: Acts 1915, ch. 121.

2. **DIVORCE.** Wife held entitled to one-third of husband's income as alimony.

Where a husband cruelly and inhumanly treated his wife and deserted her after she reached middle life, the parties having lived together more than twenty years, the wife is entitled to one-third of the husband's income as alimony. (*Post, pp.* 315-318.)

3. **DIVORCE.** In view of the properties of the spouses and the earnings of the husband, held, that the wife was entitled to alimony at the rate of $1,500 a year.

Where a dentist, whose income amounted to over $5,000 a year, but who had no considerable amount of property, wrongfully deserted his middle-aged wife, *held*, in view of the small amount of property which had been conveyed by the dentist to her, the wife was entitled to alimony at the rate of $1,500 per year, payable monthly; it being impracticable to make an award, of alimony *in solido*, (*Post, pp.* 315-318.)

Cases cited and approved: Watson v. Campodonico, 3 Tenn. Civ. App., 698.

Case cited and distinguished: Winslow v. Winslow, 133 Tenn., 666.

4. **DIVORCE.** Where monthly alimony is awarded, cause should be retained on docket.

Where monthly alimony is awarded, the case should be retained on the docket of the trial court for further orders, to meet any exigencies arising. (*Post, p.* 318.)

Case cited and approved: Going v. Going, 232 S. W., 443.

5. **DIVORE.** In divorce case, fees for counsel representing wife on appeal may be fixd by the appellate court.

In a divorce suit, where the trial court allowed counsel fees, put an appeal was taken by the husband, either the fees for services or counsel on appeal may be fixed by the appellate court, or the case may be remanded for the purpose of having fees determined. (*Post, pp.* 318, 319.)

Case cited and approved: Shy v. Shy, 54 Tenn., 125.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. H. W. Laughlin, Judge.

Edward Smith, for plaintiff.

Francis Fentress, for defendant.

Mr. Justice McKinney delivered the opinion of the Court.

Taylor v. Taylor.

Mrs. Taylor instituted this suit against her husband for a divorce and for alimony.

An absolute divorce was decreed her upon the grounds of desertion for more than two years, cruel and inhuman treatment and abandonment and failure to provide.

The trial judge decreed her for permanent alimony a lot in Memphis, adjoining her residence, valued at $1,000, the household and kitchen furniture, valued at $1,500, and ordered that the defendant pay her the sum of $150 per month during her life.

On motion, the defendant was required to pay an attorney's fee of $250, *pendente lite,* and an additional $250 was decreed complainant for her solicitor on final hearing.

The defendant did not appeal from so much of the decree as awarded the complainant a divorce, but he did appeal to the court of civil appeals from that portion of the decree which awarded her alimony and counsel fees.

The court of civil appeals modified the decree of the lower court to the extent that it abrogated the monthly allowance of $150, and instead decreed the complainant the sum of $4,500, *in solido,* which the defendant was ordered to pay, with interest, at the rate of $125 per month.

The case was remanded to the lower court for the purpose of fixing the counsel fees for the complainant's solicitor for services rendered in that court.

The court of civil appeals further decreed that the case be retained on the docket of the trial court for the purpose of making future orders as to alimony.

Both parties have filed petitions in this court for writs of *certiorari,* in order that the decree of the court of civil

appeals may be reviewed, and a number of errors have been assigned. We will dispose of the questions raised without copying into this opinion said assignments.

It is first insisted by the defendant that the whole proceeding was void because the trial court was without jurisdiction for the reason that the divorce proctor of Shelby county had not indorsed an acknowledgment of service on the original bill before it was filed, as provided in chapter 121 of the Acts of 1915. The third section of said act is as follows:

"Be it further enacted, that it shall be the duty of the divorce proctor to appear upon the trial of every divorce case in his county, whether the suit is contested by the defendant or not; and it shall be the duty of the divorce proctor to acknowledge service upon him of a copy of every bill for divorce which acknowledgment of service shall be indorsed by him upon the original bill before the same is filed in any court in his county and no bill for divorce shall be filed unless it bears such acknowledgment over the signature of the divorce proctor with the date of service; but nothing herein shall be construed as dispensing with the necessity of the service of proper process upon the defendant as is required by existing laws.

"Immediately upon the commencement of a suit for divorce, it shall be the duty of the divorce proctor to investigate the charges made in the bill and he shall be prepared to advise the court, upon the hearing, as to the merits of the case."

By oversight the complainant filed her bill without procuring this indorsement, but same was subsequently had, and before the case was tried. The defendant is

the only one who questioned this oversight, which he did after he had answered the bill.

We think the subsequent proceedings covered the omissions in the institution of this suit. The divorce proctor appeared before the hearing, made proper indorsements on the pleadings, and was present to advise the court upon the merits of the case. While these things were not done in regular order, there was a substantial compliance with the provisions of the statute before any decree was passed.

It appears from the record that the complainant and the defendant were married in 1896, and had lived together for more than 20 years before the final separation. Two children were born to them, a daughter and a son. The former is married, and is being supported by her husband. The latter is a student at the University of Tennessee, and is being supported by the defendant.

Some years ago the defendant purchased a home in Memphis and had the title conveyed to the complainant. This property is valued at $11,000, but is incumbered for $2,500, making the value of complainant's equity in the property $8,500. The proof shows that it is badly in need of repairs, which would cost about $1,000. The property owned by the defendant is as follows:

| | | |
|---|---:|---:|
| A vacant lot on Viton avenue | $1,500 | 00 |
| Cash | 1,059 | 96 |
| Bonds | 500 | 00 |
| Dental equipment | 800 | 00 |
| Accounts receivable | 1,000 | 00 |
| Surrender value of two policies of life insurance | 1,250 | 00 |

Taylor v. Taylor.

Secondhand automobile ................... 400 00
Interest in an apple orchard in Maryland .... 18 00

Making a total ...................... $6,527 96

The defendant is a dentist with a lucrative practice. The record shows that for the years 1917, 1918, and 1919 he made an average net profit in the practice of his profession of $5,858.80 per year, and his practice appears to be increasing. He earned more in 1918 than in 1917, and more in 1919 than he did in 1918.

The trial court was of the opinion that under the authority of *Watson* v. *Campodonico,* 3 Tenn. Civ. App., 698, this was a proper case in which to decree the wife a monthly allowance. In that case it appeared that the defendant's husband owned no tangible property, but possessed an earning capacity, and upon decreeing the wife an absolute divorce the court ordered the defendant to pay the complainant $8 per week during the remainder of her life.

On the other hand, the court of civil appeals undertook to follow the decision of this court in *Winslow* v. *Winslow,* 133 Tenn., 666, 182 S. W., 242, Ann. Cas., 1917A, 245, in which this court said:

"The practice in Tennessee for many years has been to award alimony *in solido,* upon the granting of an absolute divorce, rather than to award to the wife a monthly or yearly allowance, payable by the husband."

In that case it appeared from the record that the value of the defendant's property was $170,000, and this court decreed to the complainant $50,000 as alimony, in addition to $5,000 counsel fees, which was practically one-third of the property owned by the defendant.

Taylor v. Taylor.

The rule of decreeing alimony *in solido* in cases of ab-
solute divorce should be adhered to when the defendant
owns sufficient property for that purpose, and, upon the
assumption that $4,500, in addition to the lot and furni-
ture, is sufficient alimony for the complainant in this
case, the decree of the court of civil appeals is correct.
But, in our opinion, the sum decreed to the complainant,
everything being considered, is inadequate and out of
proportion to the income received by the defendant.  On
an eight per cent. basis complainant's gross income on
$11,000 (the value of the home, the furniture, and the
lot) would be $880.  On the same basis defendant's gross
income on $6,500 would be $520.  Add to this the income
from his practice of $5,860, and his total income would
be $6,380.  Add the two incomes together, and you have
$7,260.

Where a husband has cruelly and inhumanly treated
his wife, and has willfully and without excuse deserted
her after she has reached middle life, we are of the
opinion that one-third of the defendant's income, under
the facts of this case, should be paid to her.  One-third
of $7,260 would be $2,460.  Deduct from this $880 (in-
come on $11,000), the result would be $1,580.  Since the
defendant will have to pay counsel fees to complainant's
solicitor, we are of the opinion that this should be re-
duced to $1,500, or $125 per month.  Under the facts
appearing, the defendant does not own sufficient prop-
erty to warrant a decree *in solido*.  On an eight per cent,
basis it would require $18,750 to yield an annual income
of $1,500.  The above computation is only an approxi-
mation, and is not intended to be at all accurate.  We
have taken into consideration the fact that the defendant

is supporting his son at present, but he is about twenty-one years of age and in all probability will soon become self-supporting.

It is also suggested by the defendant that, on account of his age and the condition of his health, his income will diminish in the future. The defendant is now fifty-five years of age.

In order to meet such an emergency, the case will be retained on the docket of the trial court for such future orders as the court may see proper to make relative to the amount of said monthly payments. In a case of this character—that is, where a monthly or yearly allowance is decreed—the case should always be retained, in order that future decrees may be entered to meet the exigencies of the case.

In *Going* v. *Going*, 232 S. W., 443, from Shelby equity, decided at the present term, this court held that where the case was not retained the trial court was without authority to alter the decree at a subsequent term.

Complaint has also been made as to the action of the trial court in awarding alimony and counsel fees *pendente lite*.

This is of no practical importance, since we have taken such allowance into consideration in decreeing permanent alimony and counsel fees.

Relative to the question of counsel fees, in addition to the $250 already paid and the $250 decreed by the trial court, the complainant will be allowed an additional sum of $250 for her counsel for representing her in the appellate courts. We consider it unnecessary in this case to remand the case for the purpose of having such fees decreed. Such fees may, however, be fixed either by the

Taylor v. Taylor.

appellate court, or the case may be remanded for the purpose of having such fees determined. *Shy* v. *Shy,* 7 Heisk., 125.

The result of our holding is a confirmation of the decree of the circuit court, except that the monthly allowence will be reduced from $150 to $125, and, instead of decreeing that said sum shall be paid during her life, it will be paid until further ordered by the trial court.

Both petitions for *certiorari* are therefore granted, and a decree may be drawn in conformity with this opinion.

The defendant will pay the costs accrued in the several courts. The case is remanded for the execution of this decree, etc.