## WHITFIELD BEARD v. ALLIE E. BEARD.

Western Section. November 12, 1926.

No petition for Certiorari was filed.

1. **Courts. Divorce. Jurisdiction. Court does not acquire jurisdiction of a divorce case where the petition does not comply with the statutes.**

Where the petition charged cruel and inhuman treatment as grounds for divorce and did not set forth particularly and specifically the causes of complaint, with circumstances of time and place, held that the court acquired no jurisdiction.

2. **Appeal and Error. Divorce. Failure of petition to comply with statute may be raised on appeal for the first time.**

In an action for divorce on the grounds of cruel and inhuman treatment, where the petition did not comply with the statute requiring the petition to set out specifically the causes of complainant, held the question may be raised for the first time in the Appellate Court, since any judgment rendered by the court without jurisdiction must be void.

3. **Divorce. Pleading. The petition in a divorce case must comply with all statutory requirements.**

Since divorce is a statutory action and is also an action in which the state and society are interested all statutory requirements must be complied with in plaintiff's petition.

Appeal in Error from Circuit Court of Shelby County; Hon. A. B. Pittman, Judge.

Reversed.

W. C. Rogers and W. T. Wynne, of Memphis, for plaintiff in error.
B. F. Booth, of Memphis, for defendant in error.

HEISKELL, J. This is a suit for divorce and alimony. The petition was filed in the circuit court of Shelby county, on January 12, 1925. A writ of attachment issued at the same time and was levied the same day on property alleged to belong to defendant Whitfield Beard. Ed Nash was made a defendant because he was, at that time, collecting the rents on defendant's property.

So much of the petition as purports to state the grounds for divorce is as follows: ''That they were lawfully married in Jackson, Tennessee, Madison county, on the 3rd day of October, 1905, and lived together as husband and wife, separating at intervals, until

the 13th day of September, 1923, when the defendant wilfully abandoned her and turned her out of doors and refused and neglected to provide for her;

"That prior to his abandonment of her, he was guilty of such cruel and inhuman treatment toward petitioner, as to render it unsafe and improper for her to cohabit with him and be under his dominion and control."

The defendant, Whitfield Beard filed his answer February 20, 1925, in which he denies all the material allegations of the petition. He denies cruelty and non-support and sets up that complainant abandoned him instead of his leaving her.

The court tried the case without a jury and granted complainant a divorce on the grounds of cruel and inhuman treatment, awarded her $500 alimony and declared a lien on the property claimed to belong to defendant.

From this decree the defendant has appealed and assigned errors.

The questions arising out of the interest of the parties in the property involved will not be considered until after the attack on the validity of the decree for divorce has been decided.

The first assignment of error insists that complainant's petition contains no such allegation of cruel and inhuman treatment as under the statute is required to give the court jurisdiction to pronounce a decree of divorce on this ground. The divorce was not granted on the ground of abandonment. The trial court evidently thought this charge not made out and a reading of the record shows that this conclusion was correct. So this allegation of the petition need not be considered. The petition charges cruel and inhuman treatment in the language of the Code, section 4202. But section 4205 provides:

"The petition shall set forth particularly and specifically the causes of complaint, with circumstances of time and place with reasonable certainty."

The petition sets up no instance of cruel treatment and of course gives no detail with circumstance of time and place. Does this omission render the bill fatally defective and can this question be raised in this court when not interposed in the lower court? In Horne v. Horne, 1 Tenn. Ch., 260, Chancellor Cooper says:

"The particular Acts relied on to sustain this charge are detailed without any circumstances of 'time and place' and scattered over a married life of seventeen years. The bill is fatally defective upon the charge and all proof under it irrelevant."

And again in Ward v. Ward, 1 Tenn. Ch., 262, he says the Code "requires that the petition shall set forth particularly and specially the causes of divorce relied on 'with circumstances of time and

place with reasonable certainty' and . . . that if this is not done the proof becames irrelevant and useless, and no decree for divorce can be made" citing Stewart v. Stewart, 2 Swan, 591.

In Dismukes v. Dismukes, 1 Tenn. Ch., 266, the same Chancellor held a petition which was more specific than the one in this case fatally defective for lack of specifications of time and place.

The 2nd head note to Anderson v. Anderson, 3 Higgins, 423, is this:

"It is not sufficient in a bill of divorce to aver generally that the defendant was guilty of cruel and inhuman treatment of the wife and had offered indignities to her person. The pleader must go further and aver the facts or special courses of conduct which justify the charge that the defendant is guilty of these wrongs."

If then the question had been raised in the lower Court there can be no doubt that in default of amendment the bill should have been dismissed.

In De Armond v. De Armond, 92 Tenn., 40, the question involved was that of a defective affidavit to a divorce bill. In that case as in this, the husband had answered to the merits without objection to the form of the affidavit. The court said:

"It is quite clear that the defendant has waived his right to object to the affidavit; and, so far as he is concerned, the objection cannot be made here for the first time. But if the affidavit required by the statute is essential to the jurisdiction of the court, then the decree of the Chancellor has been pronounced in a cause of which he did not have jurisdiction, and it is our duty to dismiss the bill. This question is now before this court for the first time.

In the case of Hackney v. Hackney, 9 Hum., 453, the question is suggested by Judge McKinney, but was not really involved, and was not decided.

In the case of Stewart v. Stewart, 2 Swan, 591, the cause of divorce stated in the bill was that the defendant had abandoned her husband's home "without any just or probable cause," and it was not stated that the abandonment was "wilful and malicious." The court held that no cause of divorce was stated, and that all proof under such an averment was irrelevant and useless, and no decree for divorce could be made. In that case a pro confesso had been taken against the defendant, and, of course, no objection to the defective averments of the petition had been made in the court below.

Assuming that the causes of divorce are stated in the bill before us with sufficient particularity, still the fact remains that the affidavit is substantially defective, and the question

is whether the court below could take jurisdiction of a divorce bill not verified by the statutory affidavit. We think it could not.

The peace and happiness of society largely depend upon maintaining the marriage relation, and the policy of the State is to encourage and maintain that relation. For the protection of society against the manifold evils that would necessarily flow from the wanton and indiscriminate severing of that relation, the legislature has declared that divorces shall not be granted, except for certain causes, which are distinctly set out in the statute; and has prescribed what allegations shall be made in the bill or petition for divorce, and how the bill or petition shall be verified. All of these requirements of the statute are for the benefit of society, and not for the benefit of the parties. They are intended to guard against the bad faith and collusion of the parties. The application must show a clean and meritorious case under the statute before the court can take jurisdiction of the cause. The statutory affidavit is an essential part of the application, and without it there is no jurisdiction.

The affidavit in this case is fatally defective in substance, as already shown. The result is that the decree of the Chancellor is reversed, and the bill dismissed, with costs.''

There can be no distinction taken between the present case and the De Armond case because the opinion in that case dealt with a defective affidavit and this case involves a failure to comply with Code, section 4205. Every reason given in that case for considering the question in the Appellate Court applies here and there is the same reason for denying the jurisdiction of the lower court in the present case as in that case.

No one of the grounds of divorce is, perhaps, so much in danger of being worked overtime as the charge of cruel and inhuman treatment. No cause for divorce is, perhaps, so liable to be used for purposes of collusion. Therefore, it is of the first importance that the statutory requirement should be complied with and the charges be set forth particularly and specifically with circumstances of time and place. It is due to the defendant, if he is acting in good faith, and if not, it is due to society and to the State. The tendency of the evolution of divorce is to develop a class of complainants as fastidious as Sybarites to whom a crumpled rose leaf is cruel and inhuman. The importance of plain robust specific statement with circumstantial detail becomes more and more imperative.

The statement in the bill in the present case is like a charge of fraud without any allegation of facts from which the court can see

whether fraud has been perpetrated or not. Fraud will give a court jurisdiction but it must be charged in terms of facts, otherwise it is a mere mental conclusion of the pleader. So, cruel and inhuman treatment unsupported by facts, stated with circumstantial particularity, is a mental conclusion of the complainant whose mind the court cannot read. It may have as many meanings as there are minds of complainants. Even one complainant may have more than one mind. The charge is more indefinite than either adultery or abandonment and the need of compliance with the statute is correspondingly more important.

The bill did not give the lower court jurisdiction and should have been dismissed. For reasons given in the cases cited supra this court is not precluded from doing what the lower court could have done if a demurrer had been filed.

The view we have taken of the case renders it unnecessary to consider the other questions raised. If there was no jurisdiction to hear and decide the divorce case, there was no power to subject property to payment of alimony. We think the record discloses that even if cruel and inhuman treatment could be taken as properly charged, the evidence fails to support it, but we prefer to rest the reversal of the case on the single ground that the bill gave the court no jurisdiction. The bill will be dismissed at complainant's cost.

Owen and Senter, JJ., concur.