CLARDY v. CLARDY,—136 S. W. (2d) 526.

Middle Section. October 28, 1939.

Rehearing denied November 13, 1939.

Motion to Remand denied December 21, 1939.

Petition for Certiorari denied by Supreme Court, February 17, 1940.

610

Guild & Guild, of Nashville, for appellant.
Norman & Keefe, of Nashville, for appellee.

FAW, P. J. This is a divorce suit, brought in the First Circuit Court of Davidson County and tried before the Judge of that Court upon the pleadings and the oral testimony of witnesses examined in open court.

Inasmuch as divorce cases, when tried in a law court without a jury, are tried according to chancery procedure and the forms of the chancery court (Broch v. Broch, 164 Tenn., 219, 47 S. W. (2d), 84), we will, in this opinion, adopt the terminology ordinarily used in chancery cases.

The original bill in this case was filed by Hobart Clardy (the appellee here) against his wife, Hattie M. Clardy (the appellant here), alleging that complainant and defendant were married at Hartsville, on November 14, 1934, and immediately came to Nashville, Davidson County, Tennessee, where they have ever since resided; that no children have been born to this marriage; and that the defendant, Hattie M. Clardy, had been guilty of such cruel and inhuman treatment and conduct toward him as rendered it unsafe and improper for him to cohabit with her; and praying that he be granted an absolute divorce from his said wife, and restored to all the rights and privileges of an unmarried person.

Hattie M. Clardy answered the bill, admitting that she and complainant were married and have since resided as alleged in the bill, but denying the material allegations of complainant's bill, and alleging that her said husband, the complainant Hobart Clardy, had been guilty of such cruel and inhuman conduct toward her as rendered it unsafe and improper for her to cohabit with him and be under his

dominion and control, and that he had turned her out of doors and refused and neglected to provide for her; and she filed her answer as a cross-bill, praying that a writ of injunction issue restraining the cross-defendant, Hobart Clardy, from molesting or injuring cross-complainant in any manner, and that cross-complainant be given a decree for an absolute divorce from said Hobart Clardy upon the aforesaid grounds. Cross-complainant also prayed that suitable alimony and support money, temporary and permanent, including reasonable attorney's fee, be awarded her out of the "real estate and wages" of cross-defendant (described in her answer and cross-bill).

Pursuant to a fiat of the Judge of the Circuit Court, granted on preliminary application, the injunction prayed for was issued on the oath of cross-complainant prescribed for poor persons.

The cross-defendant, Hobart Clardy, answered said cross-bill and denied all the material allegations thereof.

While we have heretofore stated the statutory causes of divorce alleged in the original bill and the cross-bill, respectively, it should be further stated that, as pleadings, both the original bill and the cross-bill comply fully with the requirement of section 8430 of the Code that the bill or petition in a suit for divorce, "shall set forth particularly and specifically the causes of the complaint, with circumstances of time and place, with reasonable certainty."

The cause was heard and taken under advisement by the Trial Court on February 16, 1939, and, on February 21, 1939, a decree was entered as follows:

"This cause came on to be heard on this and a former day, before the Honorable Richard P. Dews, Judge, etc., upon the original bill of the complainant, the answer and cross-bill of the defendant and cross-complainant, the answer thereto of the complainant and cross-defendant and upon the testimony of witnesses examined in open court, from all of which it appears to the satisfaction of the Court that the allegations of the cross-bill have not been fully sustained by the proof; and that the same has been dismissed at the cost of the defendant and cross-complainant, Hattie M. Clardy; but that the allegations of the original bill have been fully sustained by the proof, that is, that the defendant and cross-complainant has been guilty of such cruel and inhuman treatment or conduct towards the complainant as to render it improper and unsafe for him to longer cohabit with her.

"It is therefore ordered, adjudged and decreed by the Court that the bonds of matrimony heretofore uniting the parties to this cause be and the same are hereby forever and perpetually dissolved, and that the complainant be granted an absolute divorce from the defendant and be restored to all the rights and privileges of an unmarried person.

"The complainant will pay all the costs of·this case, but he being the successful party will not be required to pay the State and County

612

Taxes; which are adjudged against the defendant, for all of which execution may issue.''

The cross-complainant, Hattie M. Clardy, filed a written ''motion for rehearing'' (described on the minutes below as a motion ''for a new trial''), which was overruled by the Court, and the cross-complainant excepted to the action of the Court in overruling said motion, and prayed an ''appeal in the nature of a writ of error'' to this Court, which was granted by the Trial Court and perfected by the appellant.

In divorce cases an ''appeal'' (not an appeal in the nature of a writ of error) is ''the only mode of reviewing errors.'' Code, sec. 9039. But we will treat the ''appeal in the nature of a writ of error'' in this case as an ''appeal.'' Stargel v. Stargel, 21 Tenn. App., 193, 196, 107 S. W. (2d), 520, 522.

Through her assignments of error the appellant asserts (1) that there is no evidence to support the judgment and findings against appellant; (2) that the judgment and findings of the Court are against the preponderance of the evidence, and the evidence preponderates in favor of appellant; and (3) that the Court erred in sustaining plaintiff's bill, and in not sustaining defendant's cross-bill with appropriate alimony and attorney's fee to defendant.

It is insisted for appellee that under Sec. 10622 of the Code, the decree of the trial court will not be reversed unless the evidence preponderates against its finding and decree. It might be inferred from the opinion in Broch v. Broch, supra, that divorce cases are not governed by Sec. 10622, supra; but as we understand the later ruling in McCalla v. Rogers, 173 Tenn., 239, 243, 116 S. W. (2d), 1022, 1024, all ''causes tried according to the forms of chancery'' (which includes divorce cases) are governed by Sec. 10622 of the Code.

But whether this case is or not within the scope of said Code Section, we think the finding of the Chancellor or Trial Judge is entitled to ''great weight'' when he saw the witnesses face to face and heard them testify'' (Mathis v. Campbell, 22 Tenn. App., 40, 46, 117 S. W. (2d), 764, 767); and this is peculiarly true where (as in the instant case) the determination of the issues of fact depends, in large measure, upon the comparative credibility of the two adversary parties to the suit.

If the testimony of the present appellee, Hobart Clardy, is true, the Trial Court did not err in granting him an absolute divorce from the appellant, upon the authority of section 8427, subsection 1, of the Code; Parks v. Parks, 158 Tenn., 91, 11 S. W. (2d), 680; Gardner v. Gardner, 104 Tenn., 410, 412, 58 S. W., 342, 343, 78 Am. St. Rep., 924; 19 C. J., 49, 50; Stargel v. Stargel, 21 Tenn. App., 193, 200, 107 S. W. (2d), 520.

On the other hand, if the testimony of the appellant, Hattie M. Clardy, is true, she was entitled to a divorce from the appellee under

her cross-bill, upon the authority of the Code section 8427 and reported opinions of the Supreme Court and the Court of Appeals too numerous and too familiar to the legal profession to need citation here.

We have carefully read and re-read all the evidence in the record. Parts of it have been read several times, and it has all been fully considered by all the members of this Court, and we concur in the finding of the Trial Court that the defendant Hattie M. Clardy, has been guilty of such cruel and inhuman treatment or conduct towards the complainant, Hobart Clardy, as to render it improper and unsafe for him longer to cohabit with her, and that the allegations of the complainant's bill so charging are sustained by the proof; and we further find that the allegations of the cross-bill of appellant Hattie M. Clardy are not sustained by the proof.

We do not feel inclined, and see no occasion, to incorporate in this written opinion the testimony of the witnesses. The statute, section 10620 of the Code, requiring this Court to make written findings of facts, contemplates that the Court shall find only the ultimate, determinative facts upon which its conclusions of law are predicated, and not mere matters of evidence, nor all the separate and disjointed facts which they may consider in arriving at a result. Melody v. Hamblin, 21 Tenn. App., 687, 704, 115 S. W. (2d), 237; Badger v. Boyd, 16 Tenn. App., 629, 645, 65 S. W. (2d), 601; Julian v. American National Bank, 21 Tenn. App., 137, 163, 106 S. W. (2d), 871; Anderson County v. Hays, 99 Tenn., 542, 552, 42 S. W., 266.

It results that the appellant's assignments of error are overruled and the decree of the Trial Court is affirmed. The costs of the appeal will be adjudged against the appellant Hattie M. Clardy.

Crownover and Felts, JJ., concur.

On Petition for a rehearing.

FAW, P. J. This case is now before this Court on a petition for a rehearing seasonably filed by Hattie M. Clardy, defendant and cross-complainant below and appellant here.

On December 16, 1938, Hobart Clardy filed an original bill in the Circuit Court of Davidson County, seeking an absolute divorce from his then wife, the defendant Hattie M. Clardy. On January 10, 1939, the defendant Hattie M. Clardy answered the bill of complainant, and filed her answer as a cross-bill, seeking divorce, alimony, etc., from the cross-defendant Hobart Clardy. The cross-defendant filed an answer to the cross-bill on January 13, 1939. The statutory causes of divorce alleged in the bill and cross-bill, respectively, were cruel and inhuman treatment.

On February 16, 1939, the cause was heard by the Judge of the Circuit Court of Davidson County, without a jury, on the aforesaid pleadings and the testimony of witnesses examined in open court, and was taken under advisement by the Court.

On February 21, 1939, a decree was pronounced and entered by

the Circuit Court, sustaining the original bill of complainant Hobart Clardy and granting him an absolute divorce from the defendant Hattie M. Clardy, upon the ground that the defendant and cross-complainant had been guilty of such cruel and inhuman treatment or conduct towards the complainant as to render it improper and unsafe for him longer to cohabit with her. The Circuit Court also dismissed the cross-bill of Hattie M. Clardy—holding that it had not been sustained by the proof.

The Trial Court overruled a motion for a new trial on behalf of Hattie M. Clardy, and she appealed to this Court, where the case was heard on the regular call of the docket, and, on October 28, 1939, an opinion was filed and a decree entered overruling the appellant's assignments of error and affirming the decree of the Circuit Court.

In the petition for a rehearing (filed October 31, 1939), petitioner calls attention to the fact that no mention was made in the opinion of this Court of a letter, dated January 17, 1939, which the complainant Hobart Clardy admitted, *in his testimony,* he had written and sent to defendant's brother, William Mitchell, which letter is characterized in appellant's petition to rehear as "libelous" "falsely charging appellant with commission of a felony (concealing stolen property)."

Then, noting the fact that it is stated in the opinion of this Court that "we further find that the allegations of the cross-bill of appellant Hattie M. Clardy are not sustained by the proof," the petitioner states that, "It thus appears that said letter was overlooked by your Honors in the consideration and decision of the case, because we cannot believe that your Honors intend to hold that said allegation or charge was not sustained by the proof, when there was no denial thereof by appellee, and no attempt by appellee to justify said libel."

In the preparation of our former opinion in this case, we did not overlook the fact that, *in his testimony* (on cross-examination), Hobart Clardy, the complainant below, admitted that he wrote the letter mentioned in the petition to rehear as aforesaid; but we were then, and are now, of the opinion that the testimony with respect to said letter could not properly be given any consideration in the determination of the issues in the case, for the reasons which will now be stated.

(a) No reference was made to said letter in the answer and cross-bill of Hattie M. Clardy, or in any pleading by either of the parties, *on which the case was tried below,* although the pleadings of complainant and defendant, respectively, were replete with specifications, in much detail, of alleged cruel and inhuman acts and conduct of the adversary party.

It is required by section 8430 of the Code, that the bill or petition in a suit for divorce, "shall set forth particularly and specifically the causes of the complaint, with circumstances of time and place, with reasonable certainty."

In view of the statute just cited, it was held in Beard v. Beard, 3 Tenn. App., 392, and other cases there cited, that if a petition for divorce charges cruel and inhuman treatment in the language of the statute prescribing causes of divorce, but it does not set forth particularly and specifically the causes of complaint, with circumstances of time and place, with reasonable certainty, ''proof becomes irrelevant and useless, and no decree for divorce can be made.''

■ It is a necessary corollary of the rule thus declared in Beard v. Beard, supra, and the other cases there cited, that a divorce will not be granted upon evidence of an instance of cruel treatment not mentioned in the pleadings. This is a specific application of the elementary rule that proof without pleadings will not support a decree. ''Every fact essential to the complainant's title to maintain the bill, and obtain the relief, must be stated in the bill, otherwise the defect will be fatal. For no facts are properly in issue unless charged in the bill; and of course no proofs can generally be offered of facts not in the bill; nor can relief be granted for matters not charged; although they may be apparent from evidence; for the Court pronounces its decrees secundum allegata et probata. The reason of this is, that the defendant may be apprised by the bill what the charges and allegations are against which he is to prepare his defense. If the rule were otherwise, the defendant would not only not know what charges he would be required to meet, but the complainant, by thus failing to inform the defendant, would be taking advantage of his own wrong. Besides, the Court has no jurisdiction of any matter not contained in the pleadings; and if the Chancellor should assume to make an adjudication not justified by the pleadings, his decree would be coram non judice, and void on the face of the proceedings; and this would be so, even though the facts proved would have abundantly supported the decree had there been pleadings justifying the proof.'' Gibson's Suits in Chancery (4 Ed.), sec. 142.

(b) As before stated, this cause was tried on February 16, 1939, in the Court below, on the pleadings and proof (which pleadings contained no mention of the aforesaid letter) and the Court took the case under advisement until February 21, 1939, when the aforesaid decree granting complainant a divorce from the defendant, and dismissing defendant's cross-bill, was pronounced and entered. On the latter date (which was five days after the trial), the defendant moved for leave to file an amended and supplemental cross-bill, which motion was overruled by the Trial Court, as shown by the minute entry as follows:

''This cause came on to be heard upon the following motion to-wit:

'' 'In the above styled case defendant Hattie M. Clardy ''moved for leave of Court to file Amended and Supplemental Cross-bill, as per copy hereto attached.' ''

616

"Upon the argument of counsel and due consideration thereof the Court overrules said motion.

"To the action of the Court in overruling said motion the defendant and cross-complainant excepts."

On February 22, 1939, the defendant and cross-complainant filed a "motion for rehearing" (described in the minutes below as a motion "for a new trial"), which motion was overruled by the Trial Court. The third paragraph of said motion was as follows:

"The Court erred in refusing to allow filing of Amended and Supplemental Bill offered by defendant and cross-complainant Hattie M. Clardy, which said bill is hereto appended marked Exhibit "A," as a part hereof, and is again submitted, to the Court for filing in said case."

The aforesaid motion and the offered amended and supplemental bill (exhibit "A" to the motion) were preserved by the bill of exceptions, and it appears from said exhibit that it was therein alleged that, on January 17, 1939, and subsequent to the date of filing said original cross-bill herein, said Hobart Clardy wrongfully, unlawfully, falsely and maliciously charged cross-complainant with the felonious crime of concealing stolen cigarettes, in a letter written on said date and delivered to her brother William Mitchel, on or about said date, for the purpose of intimidating her and preventing her from prosecuting her said cross-bill.

The record does not disclose the specific ground or grounds upon which the Trial Judge rested his ruling in declining to permit the cross-complainant to file the offered amended and supplemental cross-bill; but *the absence of an explanation* of the failure of the cross-complainant to ask leave to file same *at an earlier date* (when the record shows that she had full knowledge of said letter before the trial below) afforded a sufficient reason for such ruling.

After issues are made up by pleadings, an application to file an amended and supplemental bill should be made at the earliest opportunity after the necessity for it becomes known, and all delays must be explained by affidavit. Gibson's Suits in Chancery (4 Ed.), sec. 678, subsec. 4, and sec. 685, subsec. 3.

(c) But the action of the Trial Court in overruling the motion of defendant for leave to file an amended and supplemental cross-bill is not open for review by this Court, for the reason that appellant has not assigned such ruling as error. Appellant's assignments of error are, in full, as follows:

"Assignments of Error.

"I. There is no evidence to sustain the judgment and finding in favor of the plaintiff and cross-defendant Hobart Clardy.

"II. The judgment and findings of the Court are against the preponderance of the evidence in the case, which preponderates in

in favor of defendant and cross-complainant Hattie M. Clardy.

"III. The Court erred in sustaining plaintiff's bill, and in not sustaining defendant's cross-bill with appropriate alimony and attorney's fee to defendant."

We find nothing in appellant's assignments of error which could be construed or interpreted as an assertion that the Trial Court erred in his ruling upon defendant's motion for leave to file an amended and supplemental cross-bill; and, without the supplemental cross-bill there was no pleading which would justify the consideration of the evidence relating to the aforesaid letter. Such evidence was "irrelevant and useless," and a decree for divorce could not be predicated thereon in this case.

For the reasons stated, the petition for a rehearing must be denied.

Petitioner has coupled with her petition for a rehearing a motion for an allowance of alimony pending the appeal to this Court, and for a reasonable fee for the services of her attorneys incident to the appeal.

On motion of the defendant and cross-complainant, the Trial Court ordered and decreed (on January 14, 1939) that the complainant, Hobart Clardy, pay into Court, on the 9th and 23rd of each month, the sum of $8 as alimony pendente lite, the first payment to be made on January 23, 1939, and also the sum of $25 as a reasonable attorney's fee for cross-complainant's attorney—said attorney's fee to be paid on January 23, 1939.

Presumably, the aforesaid attorney's fee was paid, and the alimony pendente lite was paid as thus ordered until the final decree below on February 25, 1939, as there is no suggestion to the contrary in the record.

There is no statute of this State providing for the allowance of alimony and "suit money" pendente lite; but it was held in the leading case of Thompson v. Thompson, 3 Head 527, that the trial court has inherent jurisdiction to make such allowance "whenever a proper case shall be presented." In that case the wife sued her husband for divorce, but, before answer was filed, the complainant, by written order to the clerk out of term time, directed the dismissal of her bill. At the ensuing term of the court, the Chancellor made an order that defendant pay certain specified sums to the complainant's solicitors as fees for their services in preparing the bill and attending to the case for complainant up to the dismissal of the suit. The defendant appealed, and in its opinion the Supreme Court said:

"According to the course of decision in this State, in a divorce case brought by or against the wife, if she be not possessed of sufficient separate property or means of her own, adequate to her support, and to defray the expenses of the suit, she is entitled, as against her husband, to alimony pendente lite, and also to such amount of money as

shall be necessary to defray the reasonable expenses of the suit, including counsel fees. If this were not so, the wife, destitute of means of her own, would be denied justice. If, however, she has adequate means of her own, no such allowances will be made pending the suit. Bishop on Marriage and Divorce, secs. 571, 572, et seq.

"This doctrine is subject, however, to the qualification, that the wife is prosecuting or defending the suit in good faith. If it be apparent, that her suit is without any just or reasonable foundation, and that her cause is prompted by motives of malice, or oppression, towards her husband, no allowance ought to be made to her for any purpose.

"The husband is not liable, upon general principles of law, to defray the wife's expenses of suit, or counsel fees, in such a case. His liability arises out of the incidental power of the Court to provide for enabling the wife to prosecute or defend the suit, whenever a proper case shall be presented.

"But where the wife, as actor, has voluntarily and understandingly dismissed her suit, the husband cannot be charged with her expenses of suit or counsel fees; more especially is this so, where the ground of dismissal is, the probability that the suit was unadvisedly instituted, and cannot be maintained.

"Upon the merits of the case, therefore, the order charging the defendant with payment of the wife's counsel fees, was unwarranted.

"The decree must be reversed."

In subsequent cases it seems to have been assumed, without discussion, that the Supreme Court has power to make an allowance of temporary alimony and "suit money" pending an appeal, upon "proper application" (Shy v. Shy, 7 Heisk., 125; Taylor v. Taylor, 144 Tenn., 311, 318, 232 S. W., 445; Lingner v. Lingner, 165 Tenn., 525, 534, 56 S. W. (2d), 749); but, so far as we have discovered, such allowances have been made by the appellate courts only in cases where the wife was the successful party in the lower court. In 17 American Jurisprudence, page 444, section 557, it is said that, "Where the wife has been successful in the lower court, the merits of the controversy are prima facie with her and an allowance during the pending of such an appeal should be granted."

In Keezer on Marriage and Divorce, page 152, section 279, it is said that, "The presumption of the wife's innocence entitles her to temporary support and counsel fees whether she is the plaintiff or defendant."

In Ward v. Ward, 1 Tenn., Ch. 262, 263, and Lishey v. Lishey, 2 Tenn., Ch. 1, it was held that where the wife is suing for a divorce, no allowance can be made for alimony or counsel fees pendente lite unless her bill shows a prima facie case entitling her to the relief sought.

The sufficiency of the *pleadings* of appellant Hattie M.

Clardy, both defensive and offensive, is undoubted; but the case came to this Court with a presumption that the decree of the Circuit Court adverse to the truth of the averments in the appellant's pleadings was correct, unless this Court should find that the evidence preponderated against the decree. Code, sec. 10622; McCalla v. Rogers, 173 Tenn., 239, 243, 116 S. W. (2d), 1022; Joest v. John A. Denie's Sons Co., 174 Tenn., 410, 416, 126 S. W. (2d), 312, 314.

This Court held that the evidence did not preponderate against the decree of the Circuit Court, and concurred in, and affirmed, that decree; and no application was made here for alimony pending the appeal and for additional attorney's fees until this Court had so decreed.

In the case of Burrow v. Burrow, 6 Lea, 499, the opinion of the Court (by Judge Cooper) was, in full, as follows:

"The complainant in this divorce case has moved for an allowance for her support pendente lite, and to defray the expenses of the suit.

"The courts of this State do make an allowance for these purposes in all proper cases. It has been held not to be a proper case where the wife has adequate means of her own for her support, and to defray the expenses of the suit. So, when her suit is without any just or reasonable foundation: Thompson v. Thompson, 3 Head, 527. 'It would be unreasonable,' says Chancellor Walworth, 'to compel the defendant to furnish the means of carrying on a suit which the court must see cannot be sustained:' Wood v. Wood, 2 Paige [N. Y.], 454.

"Upon examining the record in this case, we think the suit is without any just or reasonable foundation, and cannot be sustained.

"The learned counsel for the complainant may, by his argument on the final hearing, convince us that we are in error in this conclusion, but until then the application cannot be entertained.

"Motion rejected."

It results that the petition for a rehearing is denied and dismissed, and inasmuch as both the Circuit Court and this Court has found and decreed that the defense of the present petitioner, Hattie M. Clardy, to the bill of the complainant below, and the averments of her cross-bill, are "without any just and reasonable foundation," it likewise results that her application for alimony pending the appeal and for additional attorneys' fees must be denied and overruled.

The costs incident to the petition will be adjudged against the petitioner, Hattie M. Clardy.

Crownover and Felts, JJ., concur.

On Motion to Remand.

FAW, P. J. This is a divorce suit. Hobart Clardy filed the original bill seeking a divorce from his wife, Hattie M. Clardy. The defendant answered the original bill and filed her answer as a cross-bill.

The cross-defendant answered the cross-bill. The Trial Judge heard the case without a jury and rendered a decree dismissing Hattie M. Clardy's crossbill and granting the original complainant Hobart Clardy, an absolute divorce from the defendant Hattie M. Clardy.

On appeal of Hattie M. Clardy, this Court, by opinion filed and decree entered on October 28, 1939, affirmed the aforesaid decree of the Circuit Court. Thereafter, in due season, the appellant, Hattie M. Clardy, filed a petition for a rehearing, which petition was predicated upon the insistence that this Court had overlooked a material fact disclosed by the testimony of Hattie M. Clardy and admitted by the testimony of Hobart Clardy, viz: a letter written by complainant Hobart Clardy to defendant's brother, William Mitchell, which, it was contended, was "libelous," in that, it charged defendant Hattie M. Clardy with the commission of a felony (concealing stolen property).

Said petition for a rehearing was denied and dismissed by this Court on November 13, 1939, for reasons stated in our opinion then filed and now a part of the record, but which reasons we summarize as follows:

(a) No reference was made to said letter in any pleading on which the case was tried below, and "proof without pleadings will not support a decree" (citing Code, Section 8430, and Beard v. Beard, 3 Tenn. App., 392).

(b) The cause was tried on February 16, 1939, in the court below, on the pleadings and proofs, and the Court took the case under advisement until February 21, 1939, when the decree granting complainant a divorce and dismissing defendant's cross-bill was pronounced and entered. On the latter date (which was five days after the trial) the defendant moved for leave to file an amended and supplemental cross-bill, which motion was overruled by the Trial Court, and such ruling was entered on the minutes of the Court. On February 22, 1939, defendant and cross-complainant, Hattie M. Clardy, filed a "motion for a rehearing" (described in the minutes below as a "motion for a new trial") which was overruled by the Trial Court. Said motion consisted of three numbered paragraphs, and the third paragraph thereof was as follows:

"The Court erred in refusing to allow filing of Amended Supplemental Bill offered by defendant and cross-complainant Hattie M. Clardy, which said bill is hereto appended marked Exhibit 'A', as a part hereof, and is again submitted to the Court for filing in said case."

The aforesaid motion and the offered amended and supplemental bill (Exhibit "A" to the motion) were preserved by the bill of exceptions, and it appears from said Exhibit that it was therein alleged that, on January 17, 1939, and subsequent to the date of filing said original cross-bill herein, said Hobart Clardy wrongfully, unlawfully, feloniously and maliciously charged cross-complainant with the fel-

onious crime of concealing stolen cigarettes in a letter written on said date and delivered to her brother, William Mitchell, on or about said date, for the purpose of intimidating her and preventing her from prosecuting her said cross-bill.

(c) The action of the Trial Court in overruling the motion of defendant, Hattie M. Clardy, for leave to file an amended and supplemental cross-bill is not open for review by this Court, for the reason that appellant Hattie M. Clardy has not assigned such ruling as error. The appellant's assignments of error are copied in full in our said opinion of November 13, 1939, and it is there stated that "we find nothing in appellant's assignments of error which could be construed or interpreted as an assertion that the Trial Court erred in his ruling upon defendant's motion for leave to file an amended and supplemental cross-bill; and, without the supplemental cross-bill, there was no pleading which would justify the consideration of the evidence relating to the aforesaid error."

On November 20, 1939 (which was subsequent to our opinion and judgment on the aforesaid petition for a rehearing), the appellant, Hattie M. Clardy, by written motion filed in her behalf on that date, moved this Court to remand this cause to the Circuit Court of Davidson County for the correction and reformation of the decree of that Court overruling the motion of Hattie M. Clardy for a rehearing, by the entry of a nunc pro tunc order or decree in and by said Circuit Court so as to limit the overrulement of said motion for a rehearing to the first and second grounds thereof, and to sustain the third ground of said motion (hereinbefore quoted) and set aside the previous order entered in the Circuit Court overruling defendant's motion for leave to file said amended and supplemental cross-bill.

As we read the motion now before us and the accompanying affidavit, it is not claimed that the transcript filed here is not a true and correct transcript of the proceedings in the cause *as they appear of record and on file in the Trial Court;* but it is asserted in the motion, and stated in the supporting affidavit of the attorney of record for the movant, in substance, that the minutes of the Circuit Court do not correctly show the ruling of that Court on the motion for a rehearing there made by Hattie M. Clardy, in that, as a matter of fact the Court did not overrule the aforesaid third ground of said motion, but granted same and set aside a former order denying Hattie M. Clardy's application for leave to file an amended and supplemental cross-bill, and directed that said amended and supplemental cross-bill be filed; but that the clerk of the said Circuit Court erroneously entered the order overruling the entire motion for a rehearing (as it appears in the transcript here), and the state of the record in this respect was not discovered by the affiant until he read the opinion of this Court filed on November 13, 1939, denying and dismissing Hattie M. Clardy's petition for a rehearing.

 Notwithstanding the facts thus disclosed by the affidavit of the eminent counsel, whose high character for probity and integrity leaves no room for doubt of the accuracy and entire truthfulness of his statements, we are of the opinion that, under long-established and inflexible rules, we are without power and jurisdiction, upon the record in this case, to grant the motion to remand for the purpose stated.

Prior to the Act of 1855-56, chapter 70, Sections 2 and 3, codified in 1858 (with material amplifications) as Sections 2877, 2878 and 2879, and subsequently carried into Shan. Code as Sections 4597, 4598 and 4599, and finally codified in 1932 (with certain immaterial verbal modifications) as Sections 8721, 8722 and 8723, it was held that a judgment or decree, entered improperly by the misprision of the clerk, could not be amended at a subsequent term, except "by the record or some matter in the nature of a record, and having the verity of a record." Williams v. Tenpenny (1850), 11 Humph., 176, 179; Ballen v. Farnsworth, 1851, 1 Shan. Cas. 58.

But, under the existing law (Code, Section 8721), "Any court of record may, at any time within twelve months after final judgment or decree, and while the cause is still in such court, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge by which to amend."

In Carney v. McDonald, 10 Heisk., 232, 236, it was held that, in undertaking to correct a clerical error, mistake or omission in a judgment or decree, under the authority of the aforesaid statute, the court is exercising a "special jurisdiction—a jurisdiction which, by the principles of the common law, he could not have exercised," and that it is essential to the validity of such an order that it should show "either that the error was apparent on the record, or in the papers, or on the minutes of the Judge."

The case of Justus v. State, 130 Tenn., 540, 543, 546, 172 S. W., 279, 281, was before the Supreme Court on a motion to have the cause remanded to the Circuit Court, to the end that certain alleged clerical errors in the judgment of the Circuit Court might be corrected. It was there held that the Supreme Court should not remand for such amendments of the records of the lower court, unless it appeared to the Supreme Court "that the records, papers, or entries in the court below show sufficient facts to give that court jurisdiction to make the desired correction upon the remand of the cause."

In Scopes v. State, 152 Tenn., 424, 429, 278 S. W., 57, 58, the aforesaid ruling in Justus v. State was approved, and a similar motion to remand for the correction of a clerical error was denied, with the statement by the Court that, "there is nothing before us to show that

sufficient facts exist to give the court below jurisdiction to make the desired correction.''

The affidavit of counsel, tendered in support of the motion to remand in the instant case, does not purport to point out any ''matter apparent on the record, the papers in the cause, or entries of a Presiding Judge'' by which the amendment sought could be made in the Court below, but purports to be based alone upon the recollection of the affiant as to what transpired in the Trial Court. This is not sufficient. The jurisdiction to make such corrections is conferred by the aforementioned statutes, and cannot be exercised in the absence of the evidence prescribed by the statute.

The motion of Hattie M. Clardy to remand the cause to the Circuit Court for the purpose indicated, is overruled and denied, at her cost.

Crownover and Felts, JJ., concur.