# CRABTREE v. CRABTREE.—190 S. W. (2d) 319.

Eastern Section.   June 28, 1945.

Petition for Certiorari denied by Supreme Court, October 6, 1945.

W. L. Tillett, of Chattanooga, for appellant.

John W. Dineen, of Chattanooga, for appellee.

BURNETT, J. This is a divorce suit. The appellant, Claude Crabtree, filed his suit seeking a divorce from his wife of thirty years on the ground of "cruel and inhuman treatment" and desertion. A divorce was denied but separate maintenance was allowed the wife.

The pertinent facts are: These parties were married in 1914. At the time the appellant was 20 years old and the appellee 38 years old. She had been married before and had two children by this former marriage. There were likewise two children born to this marriage—these children were 28 and 24 years of age, respectively, when this suit was filed. The appellant testifies that in 1926— eighteen years before this suit was filed—his wife cussed and abused him, threatened to shoot him, tried to cut him with a knife, and "Raised Hell" in general. The record shows that they lived together as a man and wife until

about 1937. From 1926 until just before filing suit the appellant worked in Chattanooga while his wife lived in a near-by town. He would go home on week ends and visit the family. In 1936 the appellee contracted syphilis and is still suffering from this loathsome disease. He denies that she contracted it from him. We think though that it was through him that she did contract the disease. A record, made from an examination by a doctor now deceased, shows a man by the name of the appellant who lived where the appellant then lived, had "4 plus Wasserman, 4 plus Kahn, 4 plus Kline." This examination was in January 1935, and the man was treated for some time for syphilis. The appellant's daughter testifies that about this same time the appellant had a very sore mouth and was taking medicine for something. She also testifies that the appellant told the appellee that she had syphilis.

The appellant makes no claim of any acts of cruel and inhuman treatment after 1926. He does say that after this time she refused to have relations with him. His daughter says that he continued to share the bed with the appellee until about 1937, when he was at home. In view of his contradictory statements herein we must certainly take those of his daughter as nearer correct.

The appellant continued his week end visits to the home of his wife until a few weeks before the filing of this suit. A few weeks before this suit was filed the appellee was brought to the home of the parties' daughter. She was sick and destitute. At times she was rational but most of the time she was irrational and did not realize a divorce action had been filed against her. Process herein was served on the appellee. Her daughter as next friend filed an answer and cross bill. There was a trial wherein proof was heard under this bill and the answer and cross bill. Both suits were dismissed. The evidence

was not preserved. Both parties filed a written "motion for rehearing" (described as a motion "for a new trial"). At the hearing of this motion the trial judge, apparently having heard proof as to the appellee's mental condition, appointed a Guardian Ad Litem for her and then granted both "motions for rehearing." The guardian ad litem then answered and denied the allegations of the original bill and asked for separate maintenance and counsel fees. It was on the record thus made up that the present record was made and the action complained of had.

A rather extended argument was made at the bar and is made in the briefs as to the right of a next friend to answer and swear to the answer and cross bill originally filed. These questions are not now before us and any action thereon by us is pretermitted. The appellee did not perfect her appeal or assign error herein to the action of the trial court in dismissing the cross bill. One interested in the academic questions will find a full discussion thereof in 17 Am. Jur., page 290, section 272. See also Gibson's Suits in Chancery (Higgins and Crownover) page 124, section 105.

After an appeal had been perfected below the court ordered the appellant to pay a stipulated sum to the appellee for her maintenance. This was not paid and soon after the record was filed in this court a motion, supported by affidavits, was here filed asking for maintenance for the appellee and for counsel fees. The writer of this opinion on examination of the record in conjunction with the motion ordered that the maintenance as directed below should be continued during the pendency of the matter here. At the hearing a motion was made to strike the appeal and hold the appellant in contempt because the order last referred to had not been met.

The appellant assumes a rather dictatorial attitude, if not a contemptuous one. In view of the disposition we must make of this case we are content at the present time to leave the question of contempt up to the trial judge on remand.

"It is generally held that appellate courts as well as trial courts have jurisdiction of an application for alimony pending an appeal, and the courts of a few jurisdictions go to the extent of holding that such jurisdiction is exclusive. In many instances the power of an appellate court to allow alimony and counsel fees has been held to be inherent. Such decisions have. been based on the ground that the jurisdiction to review decrees of divorce carries with it by implication the *incidental power to make such allowances, since they are necessary to enable the wife to maintain her rights on the appeal.*" (Italics ours) 17 Am. Jur., page 421, section 517.

In Clardy v. Clardy, 23 Tenn. App. 608, 136 S. W. (2d) 526, 532, Judge Faw expresses a similar view and cites many Tennessee cases in support thereof. He says that the court in the cases cited "assumed" their right to act without discussing the question.

In the instant case it seems very clear to us that such action was proper and that if we had not so ordered we would have been very derelict in our duty. The award for maintenance was only $12 per week. The amount was the minimum required to care for the appellee in the home of her daughter. The appellee was in destitute circumstances. The appellant earned approximately $50 per week. He had money from the sale of property. He had no other legal obligations. He did contribute a small amount to an aged father. This sum was allowed the wife below. We think the appellant was responsible for

her physical and mental condition. After thirty years he should not be allowed to turn her out cold.

In Bevil v. Bevil, 8 Tenn. App. 490, 492, it is said:

"The right to separate maintenance arises out of the marital relation and the obligation created by this relation, of the husband to support and maintain his wife so long as this relation exists and the wife remains unaffected by misconduct. This remedy is not confined to actions of law against the husband by those furnishing necessities to his wife but can be maintained by the wife in her own name. This is under the broad and comprehensive provisions of Sections 4218 to 4222 of Shannon's Code." Williams Code 1934, secs. 8443 to 8447.

In a note to section 8445 of Williams Code, it is said:

"Under this section and the precednig section, where a decree for divorce or separation is sought, but is refused, the court may, nevertheless, proceed to decree a separate maintenance or alimony to the wife." Citing many authorities.

■ The appellee being in court by service of process on her, the court after hearing the proof being satisfied that she was not capable of acting for herself it was right and proper that he appoint a guardian ad litem to act for her. As we have heretofore said, this case is now before us on the bill for divorce, the answer of the guardian ad litem asking for maintenance, and the proof on file. We think the court very properly awarded maintenance for the benefit of the wife.

■ Referring to the divorce action of the appellant the trial judge said:

"So far as the petition of Mr. Crabtree is concerned, the court has observed him on the witness stand, and is not so very favorably impressed with him. In bringing up grounds for divorce, things that happened in 1926

—eighteen years ago—then things that he says occurred in 1935 or 1936, as to this disease—he has gone back a long way. It seems if he was very much distressed about those matters he would have made complaint at that time. The court thinks he has waited until his wife has become mentally incompetent—getting after him| for support—and then he filed this bill. Apparently it is an attempt to get out of supporting her, although he now says he is ready to. So far as he is concerned I think his conduct towards his wife—his failure to support her, is cruelty on his part. It is hard to believe a man would desert a woman in this condition and fail to provide the necessities of life. The court does not think he is entitled to a divorce and the petition of Mr. Crabtree is dismissed.''

After very carefully and thoroughly studying this record we fully concur in the above statement and finding of the trial judge. We think that under the facts as heretofore discussed the appellant was clearly estopped from relying on the acts complained of. In so holding we feel the action ''to be conducive to honesty and fair dealing and promotive of justice.'' 19 Am. Jur., page 602, section 4. In thus holding the trial judge was certainly resorting to ''a means of preventing injustice.''

Counsel for appellee is allowed a fee of $100 for his services in this court. This fee is to be paid within 30 days from the entry of the decree in this court.

For the reasons above set forth we conclude that all assignments must be overruled and the judgment below affirmed. The case will be remanded for the enforcement of the judgment. The question of contempt in not obeying the order of the court by paying the maintenance during the pendency of this appeal are referred to the

trial judge. The case will be kept on the docket of the trial court for any necessary future orders. All costs are taxed against the appellant and his surety on his appeal bond.