COLE *et al. v.* PARTON *et al.*

(*Knoxville,* September Term, 1937.)

Opinion filed Oct. 9, 1937.

KILGO & ARMSTRONG, of Greeneville, for appellants.

SWINGLE & HARDIN, of Greeneville, for appellees.

Mr. Justice McKinney delivered the opinion of the Court.

This suit involves primarily a construction of section 8452 of the Code, which provides:

"When a marriage is absolutely annulled, or dissolved, the parties shall severally be at liberty to marry again; but a defendant who has been guilty of adultery shall not marry the person with whom the crime or act was committed, during the life of the former husband or wife."

On June 29, 1905, Josephine Parton was decreed an absolute divorce from her husband, Emanuel Parton, by the circuit court of Greene county, upon the sole ground of desertion for more than two years. No mention was made in the bill or in the decree of any adulterous conduct on the part of the defendant therein. Ten days after the granting of said divorce Emanuel Parton was married to defendant A. V. Hensley and they lived together as husband and wife until the former's death on December 28, 1936, or more than thirty-one years. The bill does not state whether or not children were born of this marriage.

The bill was filed by two of the children of said former marriage, the other two children being made defendants. The purpose of the bill is to have the latter marriage declared void on the ground that at the time it was consummated, and for several years prior thereto, the parties thereto had been living in adultery, and that the first wife, Josephine, was living at the time of Emanuel's marriage to A. V. Hensley. The bill also asks that all of the property which Emanuel Parton owned at the time of his death, including two tracts of land which were

conveyed to Emanuel Parton and wife, A. V. Hensley Parton, in 1919, as tenants by the entireties, be decreed to the children of Emanuel Parton by his first wife.

Mrs. A. V. Hensley Parton demurred to the bill upon the ground that the statute properly construed only contemplated a case where the adultery of the defendant was made the basis of the divorce. The chancellor took that view of the cause, sustained the demurrer, and dismissed the bill.

The statute in question is a part of chapter 26, Public Acts 1835-36, the title to which is as follows:

"An Act concerning divorces, and to regulate the proceedings in suits which may hereafter be brought in this State in such cases."

Section 1 sets forth the various grounds upon which an absolute divorce may be had, including adultery by either spouse.

The other pertinent sections are as follows:

"Sec. 6. If the defendant shall by answer admit the adultery or other facts charged against him or her in the bill, or if the bill shall be taken as confessed against the defendant, it shall in either case, be the duty of the court, before any decree dissolving the marriage shall be pronounced, to hear proof of the adultery or other facts charged in the bill and relied upon as the ground for divorce, and then either to dismiss the same or grant a divorce agreeably to the prayer thereof, as the justice of the case may require.

"Sec. 7. Be it enacted, That if it shall satisfactorily appear to the court either by the trial of such feigned issue or issues, or by the proofs heard by the court, that the defendant has been guilty of the adultery or of the other facts charged against him or her in the bill, and

which shall be such as are mentioned and specified in the first and second sections of this Act, it shall be lawful for the said court to decree that the marriage between the parties shall be dissolved and each party freed from the obligations thereof, or that the marriage is null and void agreeably to the prayer of said bill, and after such decree nullifying or dissolving the marriage, all and every the duties, rights and claims accruing to either of the said parties at any time thereof in pursuance of said marriage, shall cease and determine, and the said parties shall severally be at liberty to marry again in the like manner as if they had never been married; Provided, always it shall not be lawful for a defendant who has been guilty of adultery to marry the person with whom said crime was committed during the life of the former husband or wife.''

██ ██ Taking these sections together, it is apparent that the Legislature, in prohibiting a defendant from marrying the person with whom he had committed a-dultery, had in mind a case where the complainant had been decreed a divorce on account of the adultery of the defendant. The Legislature, in the quoted sections, was concerned primarily with the crime of adultery, and concluded by saying that a defendant who has been guilty of adultery, meaning a defendant who has been adjudged guilty of adultery, shall not marry the person with whom he committed the act. Certainly it was never contemplated by the Legislature that thirty years after a marriage, the birth of children, the acquisition of property, and the death of parties and witnesses, interested parties could attack that marriage, have it declared void, and the issue thereof decreed illegitimate. Such an interpretation would likely subject many marriages to cor-

rupt and fraudulent attacks by unscrupulous and designing persons, and would tend to make the legal status of marriage uncertain, while the policy of the law is to protect marriage with every presumption of legality. This is essential for the preservation and well being of society. An examination of the decisions of this court, in which this statute was given effect, discloses that in every instance the divorce was granted on the ground of adultery.

We think the chancellor was correct in dismissing the bill and his decree will be affirmed.