CHATTANOOGA ICE DELIVERY CO. v. GEORGE F. BURNETT CO., INC. No. 3.—147 S. W. (2d) 750.

Eastern Section. January 25, 1940.

Petition for Certiorari denied by Supreme Court, January 11, 1941.

J. J. Lynch, Judge, and Dawson Hall, both of Chattanooga, for plaintiff in error.

J. S. Carriger and J. F. Wheless, both of Chattanooga, for defendant in error.

AILOR, J.  George F. Burnett Company, Incorporated, instituted this suit in the circuit court of Hamilton County against Chattanooga Ice Delivery Company, seeking damages for injury to automobiles involved in a collision with a truck of defendant company.  Defendant entered a general denial of liability and also set up special defenses of contributory negligence on the part of plaintiff.  Upon the trial of the cause the jury returned a verdict for the sum of $700, but no motion for new trial suggestion of remittitur was accepted and the recovery reduced to the sum of $646.  Motion for new trial was in all other respects denied, and defendant has prosecuted an appeal in error to this court.

The collision out of which this suit arose occurred on the afternoon of January 20, 1939, between 4 and 5 o'clock, on the highway between Chattanooga and Atlanta.  The driver and agent of plaintiff was delivering two new Studebaker automobiles to a sales agency in Atlanta, Georgia.  The front car was being driven by the agent, and it was towing a second automobile by means of a tow bar in common usage for that purpose.  After he had passed through the Bachman Tubes going out of Chattanooga in the direction of Atlanta, the driver stopped on the side of the highway and put on Georgia license plates.  He then drove back onto the highway behind a truck belonging to defendant and followed it for approximately a half mile to the point of the accident.

The truck approached the point of the accident with the two automobiles following it.  On the right-hand side of the highway, which was about 20 feet in width improved surface, there was a driveway or roadway leading into what is described in this record as Pennant Park.  On the left-hand side of the highway in the direction they were traveling, there is a filling station, a barbecue stand and then another filling station.  In front of these places there is a smooth graveled surface of considerable width.  Slightly beyond the entrance to Pennant Park and on the opposite side of the highway there was an Esso service station in front of which the smooth surface appears from photograph to be several feet in width, sufficient for the parking of automobiles without interference with the highway proper.  As the truck approached the entrance to Pennant Park and the service station, it pulled over on the left of the highway as though to enter the service station, and when it had cleared sufficient of the right-hand side of the highway so that the driver of the automobile thought he could pass in safety, he proceeded on the right-hand side.  At the time the driver of the automobiles started to pass, the right-hand wheels of the truck had already veered to the left so that they were either to the left of the center of the 20-foot highway or to the middle of it.  When the front of the leading automobile had passed the front of the truck, the driver of the truck suddenly turned the truck to the right, striking the rear fender of the front automobile with

the front end of the track. At the time of the impact the front of the automobile had already passed the center of the roadway leading into Pennant Park, and it is obvious that it would have been difficult for the truck to have turned into this roadway in safety at the time.

The truck struck the automobile with such force that the driver of the automobile lost control of it, so that it ran off of the highway and into a stone post and causing damages to the extent of $511.08 to the two automobiles. Before the driver of the automobile started to pass the truck, the driver of the truck had his arm out of the left door of the truck in such manner that the driver of the automobile thought he was signaling for a left turn. Miss Sammie Farmer says the truck driver held out his hand for a left turn, pulled over to the left side of the black line, the driver of the automobile started to pass him on the right-hand side, and the truck driver then turned back to the right.

There is some dispute as to the testimony above outlined, but it constitutes the proof most strongly supporting the verdict of the jury and must be accepted by us. Raymond Petty, driver of the truck, says he was driving on his extreme right-hand side of the highway immediately before the collision, but when asked his position with respect to the driveway when he discovered the automobiles were behind him, his answer is confused. He says he was just passing the main entrance, and then apparently realizing that he was making a damaging statement, he hesitated and said he was just fixing to turn in, just about the middle of the entrance. But he is contradicted by several witnesses in several particulars, and the jury apparently rejected his testimony.

Plaintiff in error has assigned numerous errors for reversal of the judgment of the circuit court. We consider these with reference to the questions raised without regard for their numerical sequence. Defendant entered three special pleas which it relied upon as a defense to the suit. The first of these pleas is that plaintiff was unlawfully, wrongfully and negligently operating one automobile and towing another upon the highways of Tennessee in violation of Section 2695, subd. B (a) 3, of the Code of Tennessee, as added by Pub. Acts 1937, chap. 245, p. 960, which prohibited the operation of trailers or semitrailers upon the highways of Tennessee of a gross weight of 3,000 pounds unless the same were equipped with brakes adequate to control the movement of same and so designed as to be applied by the driver of the towing vehicle. The second special plea set up as a defense the alleged contributory negligence of the driver of the automobile in attempting to pass the truck on the right side in violation of a custom and practice for all vehicles attempting to pass another vehicle traveling in the same direction to pass same to the left. The third and last special plea interposed and relied upon the provisions of Section 2672 of the Code of Tennessee, which pro-

vides that when the hindmost of two vehicles traveling in the same direction desires to pass the foremost, each driver shall give one-half of the road, the foremost by turning to the right, and the hindmost by turning to the left.

It is admitted that the automobile being towed weighed more than 3,000 pounds, but is insisted that this fact was in no way responsible for the accident. We are unable to see how it can be successfully maintained that this fact was the proximate cause of the collision. The second car was not struck by the truck, and there is nothing from which it could be concluded that the mere fact that a second automobile was being towed was in any way responsible for the collision between the front car and the truck. It is not every violation of a statute that renders a person guilty of such contributory negligence as will bar his recovery on account of the negligence of another party. It is only when such violation of a statute is the proximate cause of the accident or injury that the party so offending is guilty of contributory negligence as a matter of law so as to bar his action. Johnson v. Warwick, 148 Tenn., 205, 254 S. W., 553; Dillon v. Carter, 18 Tenn. App., 176, 74 S. W. (2d), 391.

At least we think the facts as shown by the evidence in this connection were such that reasonable minds might differ as to whether the fact that this Act was being violated and the condition resulting from such violation constituted the proximate cause of the accident. And the rule is well settled that when reasonable minds might reach a different conclusion from the evidence, a question for the jury is presented. We think this question presented an issue for the jury under proper instructions, and that the undisputed facts were not such as to establish negligence per se as a contributing factor to the accident and collision. For this reason we think the trial judge properly denied a directed verdict on this issue.

The next two special pleas present the same question. The statute relied upon is declaratory of the law of the road as has been recognized through a long period of usage. Under ordinary circumstances a driver attempting to pass another automobile moving in the same direction by turning to the right instead of to the left would be guilty of negligence per se, and would be barred from a recovery of damages proximately caused by his said act. However, in this particular case we are unable to say that plaintiff's driver was guilty of negligence per se as to bar a recovery. The rule as stated by American Jurisprudence is as follows: "Ordinarily, passing on the right side of the usual road vehicle is negligence or evidence of negligence. It has been held to be negligence per se to attempt to pass an overtaken car on the right-hand side, in violation of an ordinance requiring trucks and automobiles to pass each other on the left. The driver of the car ahead has a right to assumer that the ordinance will be observed, without being chargeable with negligence.

There may be circumstances in which passing on the right-hand side is not negligence. Some such cases present a question of fact as to the negligence.'' 5 Am. Jur., p. 660, sec. 284; Zandras v. Moffett, 286 Pa., 477, 133 A., 817, 47 A. L. R., 699.

We think the evidence in this case such that the jury would have been warranted in concluding that the foremost truck was turning to its left off of the main highway, and that the act of the driver of plaintiff's car in proceeding on his right-hand side of the highway was not a violation of the statute of rule of the road as relied upon. When the driver of a vehicle has indicated an intention to turn to his left off of the main highway, and has carried out his indicated intention by vacating the right-hand half of the highway, the driver of a motor vehicle to the rear is warranted in concluding that the vehicle in front will continue its indicated course. In such a situation it is not incumbent upon the driver of the vehicle in the rear to stop until the foremost vehicle has completed the operation of completely vacating the highway by driving to the left. But when the driver of the foremost vehicle has indicated his intention to turn to the left and was vacated a sufficient portion of the right-hand side of the highway for the hindmost vehicle to pass in safety, the driver of the hindmost vehicle will not be held guilty of negligence per se in continuing on his regular course. And if the foremost vehicle is suddenly turned to the right under such circumstances so as to be brought into collision with the hindmost vehicle, a question for the determination of the jury is presented. The first, third and seventh errors assigned will be overruled.

The second error assigned is that the verdict was so grossly excessive as to evince passion, prejudice or caprice on the part of the jury. We think it not necessary to deal with this assignment at any great length. It is sufficient to say that the jury returned a verdict for the sum of $700, and that this was reduced by the sum of $54 on suggestion of remittitur by the trial judge. The verdict as reduced is not attacked on this ground, and we think the error assigned is without merit.

There is a further insistence that the trial judge erred in permitting plaintiff's driver to testify that defendant's driver stated, after the accident, that he did not understand whatever made him make the turn back to the right after he had started turning to the left. This was objected to at the time it was offered, and it was excluded so far as plaintiff in error is concerned. It was admitted only as to the driver of the truck, he being a defendant to the suit. There is no basis in fact for this assignment, as the evidence complained of was not admitted against it, and the assignment of error must be overruled for that reason.

It is further insisted that the court erred in permitting plaintiff to amend its declaration so as to sue for $135.01, covering items

of expense incidental to the accident. It is insisted that this was error, for the reason that no notice had been given of this amendment and no opportunity was allowed to meet the claims or investigate the various items included. It appears that the amendment complained of was made on October 26, 1939, on the same day that the trial of the cause was begun. And it further appears that on the same day the defendant filed its special pleas heretofore referred to in this opinion. At the time the amendment to the declaration was made there was no request for time to made defense to the new claim, and no continuance of the cause was sought. Defendant was content with preserving exceptions, without specifying any reasons for same.

The policy of the law in this state is liberal in allowing amendments to pleadings, where such amendments are necessary for a litigant to have his rights fully determined. This policy is reflected in the statutes and judicial interpretations. Gibson's Suits in Chancery (3 Ed.), sec. 428; Wofford v. Hooper, 149 Tenn., 250, 259 S. W., 549.

Allowing or refusing amendments to pleadings is within the sound discretion of the chancellor, or judge, and it will be presumed that they were granted in the exercise of this legal discretion in the absence of a showing to the contrary. A reversal will not result from the allowance of an amendment to pleadings unless it appear that there has been an abuse of discretion. Tennessee Fertilizer Co. v. International Agr. Corp., 146 Tenn., 451, 243 S. W., 81.

"The court may allow material amendments at any stage of the proceedings, upon such terms, and subject to such rules; as it may prescribe." Tenn. Code, 1932, Sec. 8711.

There can be no doubt about the authority of the court to allow the amendment complained of. It was within the power of the court to have prescribed such terms as appeared reasonable, but the right to allow the amendment is founded in the express terms of the statute, which has been repeatedly approved by the Supreme Court. This assignment of error must be overruled. And this likewise disposes of the sixth assignment of error, which challenges that portion of the instructions of the trial judge applicable to the items of damage covered by the amendment made.

There is a further insistence made in connection with the sixth assignment that the items of damage were too remote to warrant a recovery of same. However, an examination of the items in question indicate that they constituted items of expense and loss directly resulting from the accident, none of which would have otherwise accrued. Therefore, we think they were proper items for recovery in connection with the property damage.

The court was asked to give in charge to the jury special request as follows: "The plaintiff's agent admits that he tried to pass the defendant truck on the right and the court charges you that this was a violation of the law and if you find that this contrib-

uted proximately to the accident, plaintiff cannot recover.'' In the general charge the court outlined the special defenses relied upon by defendant, specially the statute prohibiting the passing on the right on approaching another vehicle moving in the same direction. He specifically charged the jury that such passing constituted negligence per se, and would bar a recovery if same was the proximate cause of the accident. And we think this was a correct statement of the law as applicable to the proven facts. It was a question for the jury to determine as to whether or not the acts of the plaintiff's agent constituted such passing on the right as prohibited by the statute, and whether or not same was the proximate cause of the accident and resulting damages. The special request was properly refused, for the reason that the court had already given in charge to the jury a proper construction of the statute as related to the facts shown by the proof.

It is further insisted that the court erred in refusing to give in charge to the jury defendant's special request as follows: ''If the plaintiff's driver did not see the driver of the defendant's car put out his hand to indicate a turn to the left, the fact, if it was a fact, that some other person said such driver of the front car put out his hand, would not give the plaintiff's agent a reason or excuse to drive on the right side of the front car, or attempt to pass him on the right side.'' We think it not necessary to review the evidence in this connection in detail. It is sufficient to say that the driver of defendant's truck indicated that he was turning off of the highway to the left by pulling the truck to the left of the highway, and holding his arm out of the left door so that the driver of plaintiff's car concluded that he was leaving the highway to the left. Plaintiff's driver saw and observed these facts, contrary to the assumption in the special request. The request does not constitute an accurate statement of the facts relied upon, and consequently was properly refused.

The tenth and final error assigned likewise deals with special request to the effect that plaintiff would be denied a recovery if the drivers of the two vehicles involved in the collision were each guilty of negligence proximately causing the collision. The eleventh error deals with the question of contributory negligence by the driver of plaintiff's car. These questions have been considered in detail already and will not be elaborated upon further. The special request was properly refused, because the substance of same had already been given in the regular charge to the jury. Both errors assigned will be overruled.

We are satisfied, after a careful consideration of this record, that a question for the jury was presented on the pleadings and the proof in the cause. There are circumstances from which it could be concluded that both drivers involved in the collision were guilty of negligence. At the same time we think the actions of the

driver of the truck in turning to the left as though leaving the highway on the left-hand side, with his arm held out of the left window, constituted an invitation to the plaintiff's driver to pass on, and that his action thereafter in suddenly turning to the right into the passing automobile constituted the proximate cause of the collision; that this conduct constituted a violation of the provisions of Chapter 245, Section 1, of the Public Acts of 1937, defining reckless driving, and prescribing punishment of such as a misdemeanor. Plaintiff pleaded and relied upon the violation of said Act as a basis for recovery, and the jury found defendant's driver guilty of same. We have concluded that there is an abundance of evidence to support the verdict. Plaintiff also relied upon the further provisions of said Act, requiring a driver making a turn to keep close to the curb and giving a signal of his intention to turn before attempting to make such turn. There is an abundance of proof to establish violation of this provision of the Act. In fact, we think there is proof from which the jury would have been warranted in concluding that the driver of the truck deliberately lured the plaintiff's driver into the trap. His actions, according to the testimony of plaintiff's driver, Miller, and Miss Sammie Farmer, were extremely reckless and in utter disregard to vehicles following in the rear. According to Miss Farmer he pulled completely to the left-hand side of the highway, gave the hand signal of an intention to turn to the left, and then suddenly pulled to the right. According to his own admission he did not use the mirror to see whether there was a vehicle to his rear. The verdict of the jury is well supported by the evidence, and the judgment of the circuit court will be affirmed.

Portrum and McAmus, JJ., concur.