# PLANTT v. PLANTT.—126 S. W. (2d) 338.

Middle Section.   November 4, 1944.

Petition for Certiorari denied by Supreme Court, March 3, 1945.

80

Rutherford & Rutherford and J. V. Crockett, all of Nashville, for appellant.

Z. Alexander Looby and Homer B. Weimar, both of Nashville, for appellee.

HICKERSON, J.  Walter Henry Plantt filed the original petition for divorce in which he alleged that he was a preacher and that his wife had gone amongst the members of his congregation and had told them that he was "running around with lewd and loose women of his pastorate;" that he had to give up his church work on account of these accusations of his wife which were untrue; that he was "an upright, righteous, God-fearing colored man, who has always tried to walk in the path of goodness and righteousness;" and that this conduct of his wife constituted cruel and inhuman treatment which entitled him to a divorce from her.

Martha Brown Plantt answered the petition and stated that she may have accused her husband of running around

with other women, but if she did the statements which she made were true. By way of cross action she alleged that her husband had abandoned her and had failed, refused and neglected to provide for her; and "in addition to that he has taken up with another woman with whom he is living in adultery." She charged that he was guilty of cruel and inhuman treatment and that it was unsafe and improper for her to live and cohabit with him and be under his dominion and control; and that "his cruel treatment consisted of his living unlawfully with another woman by whom he has a five year old child which he admits to be his."

In an answer to the cross petition the husband denied the marital allegations thereof.

The case was heard by the circuit judge without a jury upon oral testimony. The judgment of the circuit court provided: "After due consideration, the Court finds and holds that the allegations of the original bill are not supported by the proof and the same is accordingly dismissed. The Court further finds that the allegations of the cross bill as to cruel and inhuman treatment are sustained by the proof and the Court exercising the discretion orders, adjudged and decrees that the bonds of matrimony heretofore subsisting between the parties be and the same are perpetually dissolved and the cross complainant is hereby granted an absolute divorce from the cross defendant and restored to all the rights and privileges of an unmarried person."

The court overruled a motion for new trial which was filed by Martha Brown Plantt and she appealed to this court.

The assignments of error present three questions for our determination: (1) That "the trial court erred in failing to allow the amendment so as to make specific charges

against cross defendant;'' (2) the court erred in refusing to grant the wife a divorce on the ground that her husband had been guilty of adultery with Pearl Matlock; and (3) the court erred in granting the wife an absolute divorce over her protest when she only prayed for a divorce from bed and board.

These questions will be determined in order.

Code Section 8711 provides that: ''The court may allow material amendments at any stage of the proceedings, upon such terms, and subject to such rules, as it may prescribe.''

██ Whether an amendment will be allowed is within the discretion of the court and this court will not reverse unless that discretion was abused. Tennessee Fertilizer Company v. International Agr. Corporation, 146 Tenn. 451, 243 S. W. 81; Chattanooga Ice Delivery Company v. George F. Burnett Company, 24 Tenn. App. 535, 147 S. W. (2d) 750.

In Gibson's Suits in Chancery (Higgins and Crownover Edition), 568, section 675, it is said: ''But bills required to be under oath are allowed to be amended with great caution. When a complainant wishes to amend a sworn bill, he must present the proposed amendment in writing so that the court can see that it is a proper matter for an amendment. He must, also, swear to the truth of the proposed amendment, and show a good reason for not incorporating it into the original bill. The application to amend must be made as soon as the necessity for it is discovered.''

In Tennessee Procedure in Law Cases, 333, section 803, it is said: ''A motion to amend in any material aspect must be duly entered. The amendment, or a substitute paper, when substitution is desired, should be prepared in advance and should be tendered with the motion, and

the motion should be written. It is improper to request a court to allow an amendment without at the same time presenting to the court the exact amendment desired.''

The exact amendment desired does not appear in the record in this cause. No request for an amendment was made on the trial of the case. The judgment of the Court was entered on February 29, 1944, and the question of amendment was raised for the first time in a motion for new trial which was heard on March 11, 1944. The only complaint in regard to the amendment was made in the motion for new trial in these words: ''The court failed to allow the amendment so as to make specific charges against cross defendant.'' When the particular amendment which was refused does not appear in the record, it is impossible for us to say what the amendment was or whether it was sufficient in substance or form. In the absence of the proposed amendment this court will conclusively presume that the trial judge properly exercised his discretion in refusing to allow it.

We now pass to the next question: Did the court err in refusing to grant Martha Brown Plantt a divorce on the ground that her husband had been guilty of adultery with Pearl Matlock?

In Jordan v. Jordan, 145 Tenn. 378, 430, 239 S. W. 423, 438, our Supreme Court said: ''It is an elementary principle that nothing is properly before the court of chancery for its determination except what is submitted to it in the pleadings, and that an adjudication outside of the scope of the pleadings is void. 1 Daniel's Chancery Practice, 235; Story's Eq. Pl., 267; Gibson's Suits in Chancery, 139; Wilson v. Schaefer, 107 Tenn., 300, 64 S. W. 208; East Tennessee Coal Co. v. Daniel, 100 Tenn. 65, 42 S. W. 1062.''

■ Divorce cases are tried as chancery cases in law courts or equity courts when they are tried before the court without a jury, and the action of the lower court is reviewed in this court de novo. Broch v. Broch, 164 Tenn. 219, 47 S. W. (2d) 84. It is, therefore, our duty to examine the entire record and see if the pleadings would justify a divorce on the ground of adultery.

Code Section 8430 provides that the cause of complaint in a divorce petition shall be "set forth particularly and specifically . . . with circumstances of time and place, with reasonable certainty . . . "

The requirements of this Code Section have been construed and determined in the following cases: Page v. Turcott, 179 Tenn. 491, 167 S. W. (2d) 350; Baeyertz v. Baeyertz, 171 Tenn. 190, 101 S. W. (2d) 689; Loy v. Loy, 25 Tenn. App. 99, 151 S. W. (2d) 178; Clardy v. Clardy, 23 Tenn. App. 608, 136 S. W. (2d) 526; Stargel v. Stargel, 21 Tenn. App. 193, 107 S. W. (2d) 520; Beard v. Beard, 3 Tenn. App. 392.

■ ■ The charge in the petition of Martha Brown Plantt on the ground of "adultery" is that defendant had taken up with another woman with whom he was living in adultery. The name of the woman is not given, and there is no particular averment of time and place. These allegations are not sufficient to meet the requirements of the statute relating to the pleading of grounds for divorce. It appears from the petition of appellant that she did not rely on the charge of adultery as a ground for divorce, because she only prayed for a divorce from bed and board. Under this condition of the record, the trial court properly refused to grant the appellant a divorce on the ground that appellee had been guilty of adultery with Pearl Matlock.

■ ■ Appellant also complains that the court erred in granting her an absolute divorce over her protest when she only prayed for a divorce from bed and board. She objects to the absolute divorce which was granted her because she does not want appellee to be free so he can marry Pearl Matlock, the woman with whom he committed acts of adultery according to the contention of appellant. It is insisted that Code Section 8452 should be given effect by granting appellant a divorce from bed and board and not from the bonds of matrimony. Under this limited divorce appellee could not marry again. But it has been held that Code Section 8452 does not apply unless the divorce was granted upon the grounds that defendant was guilty of adultery. Cole v. Parton, 172 Tenn. 8, 108 S. W. (2d) 884. The relationship of a defendant with another person which is not adjudged to be adulterous and made the ground upon which a divorce is granted is a proper fact to be taken into consideration by the trial court in determining whether a divorce shall be granted from bed and board or from the bonds of matrimony. It is not, however, mandatory that a court should grant a divorce from bed and board and not from the bonds of matrimony because of such relationship of the defendant with another person.

The divorce in this case was granted under Code Section 8427, which provides:

"The following shall be causes of divorce from bed and board; or from the bonds of matrimony, in the discretion of the court:

"(1) That the husband or wife is guilty of such cruel and inhuman treatment or conduct towards the spouse as renders cohabitation unsafe and improper, and, in the case of the wife, to be under the dominion and control of the husband."

■ It was shown by the proof that defendant ran around with a woman by the name of Pearl Matlock until his conduct became very objectionable to appellant. It was commonly talked, among their friends, that defendant and Pearl Matlock had a child about five years old. His conduct with this woman appears to have been condemned by some of his friends, including members of his church. The court held that his connection with this woman constituted cruel and inhuman treatment toward his wife, and that she was entitled to a divorce on that ground. We concur in that conclusion. Meeks v. Meeks (Tenn. App.), 179 S. W. (2d) 189.

Having held that appellant was entitled to a divorce, the trial court, in the exercise of his discretion (Code Section 8427), entered a judgment of absolute divorce in her favor. Lingner v. Lingner, 165 Tenn. 525, 56 S. W. (2d) 749, holds that the court may grant an absolute divorce if the circumstances of the case require it, although the only specific relief prayed for in the bill was a divorce from bed and board. In reaching this conclusion the court construed Code Sections 8427, 8444, and 8445 together.

The determinative question then is this: Did the court err under the facts and circumstances of the instant case in granting appellant an absolute divorce instead of granting her a divorce from bed and board?

Whether the trial court should have granted a divorce from bed and board or from the bonds of matrimony under this statute has been before our Supreme Court in numerous cases. Payne v. Payne, 23 Tenn. 500, 40 Am. Dec. 660; Sharp v. Sharp, 34 Tenn. 496; Shell v. Shell, 34 Tenn. 716; Rutledge v. Rutledge, 37 Tenn. 554; McAllister v. McAllister, 57 Tenn. 345; McClanahan v. McClanahan, 104 Tenn. 217, 56 S. W. 858; Parks v. Parks, 158 Tenn.

91, 11 S. W. (2d) 680; Brown v. Brown, 159 Tenn. 551, 20 S. W. (2d) 1037; Saillard v. Saillard, Tennessee Chancery Appeals Reports, Volume 2, page 396.

We have not found a case in this jurisdiction where the question was directly made that the statute (Code Section 8427) authorizes the granting of a divorce from the bonds of matrimony ''in the discretion of the court;'' and that the judgment of the court on this question should not be reversed unless the court abused that discretion. In the foregoing cases our Supreme Court seems to have reviewed the action of the trial court in refusing or granting an absolute divorce under this statute de novo upon the preponderance of the evidence, without considering whether the court had abused its discretion.

A similar statute was before the court in Crabtree v. Crabtree, 154 Ark. 401, 242 S. W. 804, 24 A. L. R. 912, where the court held that the statute authorized the trial court to exercise a judicial discretion according to equitable principles and the particular circumstances of each case; and that the trial court could, in the exercise of such discretion, grant a divorce from bed and board or from the bonds of matrimony. To reverse the judgment of the court upon review it was held that it must appear that the discretion vested in the trial court by the statute was abused.

Unless it affirmatively appears that a trial court has improperly used, or manifestly abused, his discretion to the great injustice and injury of the party complaining, this court will not reverse. Hemmer v. Tennessee Electric Power Company, 24 Tenn. App. 42, 139 S. W. (2d) 698.

There is no basis in fact for the exercise of the discretion authorized by this statute until the trial court has first found that the facts of the case justify the granting

of a divorce. When such facts are established, the complaining party is entitled, as a matter of right under the statute, to a divorce from bed and board; or within the discretion of the court from the bonds of matrimony.

▉ This statute expressly confers upon the trial court the discretion of granting or refusing a divorce from the bonds of matrimony when cruel and inhuman treatment has been alleged and proved. This court will not interfere with the exercise of that discretion by the trial court unless it was abused.

▉ In this case the husband alleged and testified that his wife had wrongfully told the members of his church that he had been guilty of adultery, all of which was untrue; and further that she had been guilty of improper conduct with another man.

His wife countered by saying if she did make the statements about her husband that they were true, denied any improper conduct herself, and alleged and testified that her husband had taken up with another woman and was living in adultery with her. We see little chance of a reconciliation and the re-establishment of a happy home when the litigants have this attitude, and have published to the world just how they feel toward each other. Having this view of the case, we cannot hold that the trial court abused his discretion when he entered a judgment of absolute divorce.

All assignments of error are overruled and the judgment of the circuit court is affirmed with costs. Remand the cause for further proceedings which may be necessary.

Felts and Howell, JJ., concur.