William V. Held, Complainant,

*v.*

Tennessee Title Company and Rossville Federal
Savings and Loan Association, Defendants.

448 S.W.2d 413.

(*Knoxville,* September Term, 1969.)

Opinion filed December 12, 1969.

ARVIN REINGOLD, Chattanooga, for complainant.

ROBERTS, WEILL, ELLIS & WEEMS, Chattanooga, FRANK M. GLEASON, Rossville, Ga., for defendants.

MR. SPECIAL JUSTICE ERBY L. JENKINS, delivered the opinion of the Court.

Complainant filed his original bill in the Hamilton County Chancery Court alleging that he owned two parcels of realty on which he had constructed two residences. Rossville Savings & Loan Association had provided construction loans for the houses in the amount of $15,750.00 each, plus interest. A deed of trust was taken, with Tennessee Title Company acting as trustee.

Complainant had contracted to sell both houses, and the realtor for the sales had assured complainant that the sales would be closed prior to any foreclosure. Only hours before the foreclosure the realtor informed complainant of delays which would postpone the closing for a short period.

The defendants threatened to foreclose on April 22, 1969; and complainant tendered to defendant his personal check for $33,223.30 as payment of the construction loan upon the two houses.

The appellant's original bill stated that he tendered to the defendant his *check* (emphasis ours) for the amount of the mortgages plus interest, but that defendant arbitrarily refused the tender. "" * * * in the absence of an agreement between the parties * * * the sole medium of payment is money, or that which the law has declared shall pass as the legal equivalent * * *"" See 52 Am.Jur., p. 229, Section 21. "It is the generally accepted rule that a check is not the legal equivalent of money; and when it is offered for the amount due on a note or mortgage it is not considered good tender." See 86 C.J.S. Tender sec. 23, p. 569.

On April 23, 1969, the complainant filed his original bill praying for the following relief: that a temporary injunction issue restraining defendants from proceeding with the foreclosure and sale; that the court set aside the foreclosure sale; that the complainant have a decree against the defendants for monetary damages for wrongful foreclosure and for arbitrarily refusing the tender. The temporary injunction was granted and on April 29, 1969, the complainant paid the tender into court.

The defendants filed a motion to dissolve the injunction and also filed a demurrer to the original bill on the following grounds:

"1. That the bill showed on its face that no notice was given to the Trustee or Mortgagee of the time when, place where, or of the Judge or Chancellor before whom any application for injunction was to be made, all as required by T.C.A. 23-2401.

"2. There was no return showing notice had been given as provided by T.C.A. 23-2401.

"3. That the foreclosure sale sought to be enjoined had already taken place on April 22, 1969, prior to any application for injunction.

"4. That the complainant at no time made an acceptable or proper bid at the foreclosure sale which was held on April 22, 1969.

"5. That the defendants were due a sum certain which was not paid into the Registry of the Court at the time of the filing of the bill.

"6. That complainant had been guilty of lack of diligence and unclean hands. At the hearing of the demurrer, the Chancellor did admit an oral amendment to the de-

murrer to include the additional ground that the bill was lacking in equity on its face.''

The Chancellor sustained defendants' motion to dissolve and the demurrer, and refused to grant complainant additional time to amend his bill. Complainant has appealed to this Court from the Chancellor's order sustaining the demurrer and dissolving the injunction.

The complainant makes the following assignments of error:

''1. The Court erred in sustaining the demurrer since the bill alleged sufficient facts and prayer for relief to be treated as a bill for wrongful foreclosure.

''2. The Court erred in not allowing the complainant an opportunity to amend so as to bring the whole matter before the Court to be determined on its merits.''

■ Since the foreclosure sale had taken place prior to complainant's application for injunction then he did not have to comply with T.C.A. Section 23-2401, which deals with notice of application to enjoin the sale of realty under trust deeds. Therefore complainant's bill could properly be treated as a bill to set aside the foreclosure, as opposed to a bill to enjoin the foreclosure. So considered, was the Chancellor in error in sustaining defendants' demurrer  We think not.

In Gibson, Suits in Chancery, Vol. 2, Sec. 856, (5th ed., 1956), the proposition is stated:

''The enforcement of a mortgage or trust deed will be enjoined on application of the maker * * *, (1) when it was obtained on fraud; (2) when there has been a total failure of consideration; (3) when the complainant is not bound, by reason of some accident, or mis-

take, in its execution, against which Equity will relieve; when the debt secured by the instrument has been fully paid; or (5) is barred by the statute of limitations.''

The same reasons which allow a court to enjoin the enforcement of a mortgage should also be applicable in a situation where the court is asked to set aside a foreclosure. Since none of the above five factors were alleged, in complainant's bill, as constituting grounds for relief we think the Chancellor was not in error in sustaining defendants' demurrer.

Likewise, the complainant's second assignment of error is without merit. Whether an amendment will be allowed is within the sound discretion of the Chancellor, and his ruling will not be reversed unless that discretion was abused. *Kneeland v. Bruce* (1960), 47 Tenn.App. 136, 336 S.W.2d 319; *Plantt v. Plantt* (1944), 28 Tenn.App. 79, 186 S.W.2d 338; *Chattanooga Ice Delivery Co. v. George F. Burnett Co.* (1940), 24 Tenn.App. 535, 147 S.W.2d 750. Complainant makes no attempt to show how the Chancellor abused his discretion. Rather, he simply alleges in his brief that ''the court erred in not allowing the complainant an opportunity to amend.''

The particular amendment, which complainant alleges was not allowed, does not appear in the record. Thus, ''it is impossible for us to say what the amendment was or whether it was sufficient in substance or form. In the absence of the proposed amendment this court will conclusively presume that the (Chancellor) properly exercised his discretion in refusing to allow it.'' *Plantt v. Plantt,* supra.

The above assignments of error are overruled and the decree of the Chancellor is affirmed.

The costs incident to this appeal are taxed against the complainant.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and BOZEMAN, SPECIAL JUSTICE, concur.