Alison Sanders VAN ZANDT,
Plaintiff/Appellant,

v.

Patrick F. DANCE, Defendant/Appellee.

Alison Sanders VAN ZANDT,
Plaintiff/Appellant,

v.

Jettie WILLIAMS, Defendant/Appellee.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Aug. 19, 1991.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 24, 1992.

Irma W. Merrill, Memphis, for plaintiff/appellant. Fred P. Wilson, Wilson, McRae, Ivy, Sevier, McTyier and Strain, Memphis, for State Farm Mut. Auto. Ins. Co.

Paul L. Burson, White, Burson & Allyn, Memphis, for defendant/appellee Dance.

Mark W. Raines, Memphis, for defendant/appellee Williams.

TOMLIN, Presiding Judge (Western Section).

This Rule 9, T.R.A.P. appeal was brought by plaintiff as a result of the action taken by the judge of Division VII of the Circuit Court of Shelby County denying plaintiff's motion to consolidate two separate tort actions wherein the plaintiff allegedly suffered similar personal injuries in each accident. The sole issue presented on appeal is whether or not the trial court erred in denying plaintiff's motion to amend the complaint and consolidate the two separate actions into one case. We hold that the trial court did not err and affirm.

The basic facts are undisputed. Plaintiff was injured in December, 1987 when a car driven by defendant, Patrick F. Dance, struck plaintiff's car from the rear while it was stopped for a traffic light. Plaintiff filed suit on December 12, 1988. That case was assigned to Division VII of the Circuit Court of Shelby County and styled *"Van Zandt v. Dance"* (hereafter referred to as *"Dance"* or the *"Dance* case").

On May 3, 1988, plaintiff was again injured when her car, while stopped at a traffic light, was struck from the rear by a car driven by Jettie Williams. Plaintiff filed suit against Williams on May 2, 1989. That case (hereafter *"Williams"* or *"Williams* case") was assigned to Division

IX of the Circuit Court of Shelby County. In her complaint filed in *Dance*, plaintiff sought compensatory and punitive damages for injuries to her neck, back, and left wrist. In the *Williams* complaint, plaintiff sought compensatory damages for injuries to her neck, back and left wrist. She also alleged that the *Williams* accident aggravated the injuries she sustained in the *Dance* collision.

On April 6, 1990, plaintiff filed identical motions in each case. She sought by her "Motion to Amend Complaint, Join Party Defendant and Consolidate Cases" to have the *Williams* case transferred from Division IX to Division VII for consolidation with the *Dance* case. At a hearing in Division IX in September, 1990, Judge Childers of that court ordered the *Williams* case transferred to Division VII, observing that "this case is [an] appropriate one for transfer and consolidation...."

*Williams* was duly transferred to Division VII. Subsequently, on November 2, 1990 and November 5, 1990, Judge Lanier of Division VII entered orders in both *Williams* and *Dance* denying plaintiff's motion to consolidate on the ground that consolidation would prejudice both parties. Plaintiff ultimately sought and obtained permission of the trial court to seek an interlocutory appeal to this Court pursuant to Rule 9, T.R.A.P., which this Court ultimately granted.

Before proceeding further, we note that plaintiff's counsel filed a multi-faceted motion in both *Dance* and *Williams*. One aspect was to add as the defendant in each case the defendant in the other case, which she labeled a "joinder." As both cases were pending in Division VII, the court had before it as well the other facet of plaintiff's motion to "consolidate." However, the principal thrust of plaintiff's argument in the court below as well as in her brief in this Court was consolidation. This Court will consider this issue as a motion for consolidation rather than joinder.

Now that we have defined the appropriate methodology, the sole issue is whether or not the trial judge of Division VII of the Circuit Court of Shelby County committed error when he denied plaintiff's motion to consolidate two cases which involved different defendants and arose from separate accidents of a very similar nature approximately four months apart.

In considering this issue we direct our attention solely toward the action taken in Division VII. Plaintiff contends that we should look at both the order of Division IX, which transferred *Williams* from that court to Division VII, as well as the orders of Division VII, determining the merits of the motions to consolidate filed in both *Williams* and *Dance* after *Williams* came to rest in Division VII. We respectfully disagree with this contention.

■ Referring to *Williams*, Judge Childer's order was not an order to consolidate but was, as a practical matter, an order transferring the case from Division IX to Division VII. *Williams* was the only case over which the judge of Division IX had jurisdiction. While he had proper authority to transfer *Williams* to Division VII, he did not have the authority to consolidate a case in Division IX with a case in Division VII. Notwithstanding, he had the right and the privilege to observe through *dicta* that the cases should be consolidated. However, we note that at the time this motion was made and ordered, the judge of Division IX had only the barest of facts before him.

Rule 42.01, T.R.C.P., provides as follows:

**42.01 Consolidation**

When actions involving a common question of law or fact are pending before a court, the court *may* order all the actions consolidated or heard jointly, and *may* make such orders concerning proceedings therein as *may* tend to avoid unnecessary costs or delay. When the actions are to be tried before a jury, the joint hearing or trial shall be on all of the matters in issue in the actions, except as to issues on which jury trial has been waived by all parties. When the actions are not to be tried before a jury, the joint hearing or trial may be on all or any of the matters in issue in the actions. (Emphasis supplied)

The use of the term "may" in the initial portion of this Rule clearly gives the trial court discretion as to whether the facts of a particular case merit consolidation of cases of that type. 1 Am.Jur.2d, *Actions* in chapter VIII entitled "Consolidation of Actions" has this to say:

§ 157. **Consolidation as matter of right or discretion.**

In the absence of statute, the consolidation of actions is not a matter of right, but rests in the sound discretion of the court, and its discretion in ordering or refusing consolidation will not be interfered with unless abused.

. . . .

§ 158. **When actions may be consolidated.**

. . . .

Consolidation should not be ordered when the result will be to bring about a complication of issues of fact, embarrassment or delay in the trial, difficulty in presenting or applying the law to the evidence, or prejudice to the rights of the parties.

1 Am.Jur.2d *Actions,* §§ 157, 158, at 668–70 (1962).

We have found no reported or unreported case on point as to the issue under consideration. However, the courts in the federal system have been called on from time to time to consider the application of F.R.C.P. 42(a), after which our Rule 42.01 was patterned, in deciding whether or not consolidation should be ordered. While under the rule the federal district courts have the discretion to order consolidation of related cases when a commonality of factual or legal issues exists, where delay or undue prejudice would result from consolidation, separate actions should be maintained. *See Henderson v. National Railroad Passenger Corp.,* 118 F.R.D. 440 (N.D.Ill.1987). The trial courts must balance the interest of judicial economy against potential for delay, confusion, and prejudice to the parties that may result from consolidation. *See Bank of Montreal v. Eagle Associates,* 117 F.R.D. 530 (S.D.N.Y.1987). In addition, the federal courts have held uniformly that consolidation of similar actions for trial rests within the trial court's sound discretion, which will be disturbed only for abuse of discretion. *See Walker v. Biggs,* 7 F.R.D. 78 (E.D.Tenn.1946).

■ Moreover, under prior Tennessee law, namely, T.C.A. § 20–801, the question of whether two actions arising from the same collision should be tried together was a matter within the sound discretion of the trial court. *Herstein v. Kemker,* 19 Tenn. App. 681, 94 S.W.2d 76 (1936). When a decision of a trial court rests purely in its discretion, this Court will not reverse the trial court unless it affirmatively appears that the court improperly used or manifestly abused its discretion to the great injustice and injury of the complaining party. *See Plantt v. Plantt,* 28 Tenn.App. 79, 186 S.W.2d 338 (1944).

■ At the time of the hearing on the respective motions, the trial court had before it the medical depositions of a chiropractor, an orthopedic surgeon, and a neurosurgeon, which had been taken for evidentiary purposes of trial of one of the cases prior to the motion to consolidate. Counsel for defendants pointed out the difficulty that would be involved in one jury trying both cases. In his testimony Dr. K. Blake Ragsdale stated:

Q. All right. So she had been involved in two accidents prior to either you or Dr. Manugian seeing her. Would it be correct to say that you cannot state to a reasonable degree of medical certainty which of those accidents, either or both or neither of them, have caused her continued complaints with her neck since she has been under your care?

A. That's correct.

At the conclusion of extensive oral argument the trial court stated:

I think I've heard all I need to hear. All of the considerations that Ms. Merrill points out, I think, are very valid and very eloquently presented. I think that if the Court consolidates the trials, that Court would not be committing a reversible error. However, ... my experience as a lawyer and as a judge, convinces me that the prejudice confusion that would

result in these cases, under the facts that I've heard spoken of, would outweigh considerations that Ms. Merrill points out. And for that reason, I will respectfully deny the motion to consolidate.

The court had material facts presented to it. At the same time it considered some of the factors relevant to the question of consolidation. The court then exercised its discretion and denied the motion to consolidate. Under this record we cannot say that it "abused" that discretion.

Accordingly, the judgment of the trial court is affirmed. Costs in these causes are taxed to plaintiff, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.