IN THE COURT OF APPEALS

FILED

December 6, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

FRANCES GREGG BRICKELL and    )    BLOUNT CIRCUIT
EDWINA ELLIS COFFEY,           )    C. A. NO. 03A01-9505-CV-001159
                               )
         Plaintiff-Appellees   )
                               )
                               )
                               )
                               )
                               )
vs.                            )    HON. W. DALE YOUNG
                               )    JUDGE
                               )
                               )
                               )
                               )
                               )
CITY OF FRIENDSVILLE,          )    AFFIRMED AND REMANDED
                               )
         Defendant-Appellant   )


MICHAEL H. MEARES, Maryville, for appellant.


DAVID T. BLACK, Maryville, for appellee.


O P I N I O N


                                        McMurray, J.


        This is an extraordinary appeal in the most literal sense of
the word. The appellant prevailed in the trial court, but neverthe-

less, has appealed claiming that the trial court erred in refusing to consolidate this action with another action relating to the same subject matter pending in the same court.

The plaintiffs filed their complaint seeking a declaratory judgment as to the ownership of an abandoned railroad right-of-way. The railroad right-of-way has been formally abandoned by CSX Transportation, Inc., or its predecessor in title and no issue is made regarding the abandonment. The plaintiffs sought the court's judgment that the City of Friendsville had no ownership right to the abandoned right-of-way. The plaintiffs further sought a determination as to whether the activities of the City upon the property constituted a taking by inverse condemnation. The plaintiffs filed a motion for partial summary judgment on the issue of ownership of the abandoned right-of-way. The City responded to the motion for summary judgment and in its response agreed that there was no issue of material fact relating to ownership of the property and agreed that the property reverted to the adjoining landowners as alleged in the complaint. The City asserted, however, that there was a genuine issue of material fact as to whether the City had inversely condemned plaintiffs' property by its action as alleged in the complaint. The City further asserted that if there had been a taking by inverse condemnation, the City's action was barred by the statute of limitations contained in T.C.A. § 29-16-124. Alternatively, the City insisted that if there was no

2

inverse condemnation, then the issues were limited to an action for trespass. Further, the City insisted in its response to the motion for summary judgment that the case should be consolidated with McCollum, et al v. City of Friendsville, a similar case then pending in the same court, for fear that a "failure to consolidate these actions subjects the defendant to the risk of inconsistent determination on the issue of inverse condemnation and would run contrary to judicial economy."

Subsequent to the response to the motion for summary judgment, the City filed its answer. In the answer, the City admitted that it had "graded, landscaped and sowed" the former railroad right-of-way and averred that it had done so since 1988. The City again asserted the statute of limitations.

A hearing was held on the motion for summary judgment and upon the issue of consolidation. The court sustained the plaintiffs' motion for partial summary judgment ruling that the abandoned right-of-way reverted to the adjoining landowners. The court denied the motion to consolidate.

Subsequent to the sustaining of the plaintiffs' motion for partial summary judgment, the defendant filed a motion for partial summary judgment averring that there was no genuine issue of material fact on the issue of inverse condemnation and that the

3

City was entitled to judgment as a matter of law. The City asserted in its motion that "the defendant [City] is entitled to partial summary judgment as a matter of law holding that the City of Friendsville had not inversely condemned the property at issue."

After a hearing on January 31, 1995, the court entered its judgment. In the judgment the court recited that the plaintiffs through counsel advised the court that they did not resist the City's motion for partial summary judgment and that they would agree to the granting of partial summary judgment in order to have the matter finally resolved. The plaintiffs also announced that they would voluntarily dismiss their claim for damages for trespass so that a final order could be entered. The appellant prevailed on all issues relating to the merits of the case. It is from this judgment that the City appeals.

Firstly there is no requirement that separate cases have consistent judgments. Each case must stand or fall on its own merits. The City assumes the position that this case was decided on the same facts as McCollum, supra. Such, however, is not the case. In this case, as opposed to McCollum, the plaintiffs conceded that there was no genuine issue of a material fact relating to inverse condemnation, and, therefore, the City was entitled to a judgment as a matter of law that there had been no taking. Further, they withdrew their claims for trespass to their

4

property. The City conceded that it had no ownership interest in the property in question. In this case there was no justiciable issue left for the court to decide except the assessment of costs. No issue is made regarding the assessment of costs.

For a controversy to be regarded as "justiciable" there must exist a real issue or question rather than a theoretical or speculative one. In addition, the facts must be ripe for a judicial adjustment. Hester v. Music Village U.S.A., Inc., 692 S.W.2d 426 (Tenn. App. 1985), citing Parks v. Alexander, 608 S.W.2d 881 (Tenn. App. 1980). Obviously this case does not meet the test.

On the other hand, in McCollum, the plaintiffs still sought a determination that there had been an inverse taking and that the plaintiffs were entitled to attorney's fees, not only for inverse condemnation but also for abandonment of a condemnation action pursuant to T.C.A. § 29-17-812. Obviously a justiciable issue remained in McCollum[1]

Finally, the matter of consolidation addresses itself to the sound discretion of the trial court. Rule 42.01, Tennessee Rules of Civil Procedure provides as follows:

---

[1]McCollum was also appealed to this court. The transcript of the proceedings filed in McCollum and in this case are identical.

**42.01 Consolidation.** — When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated or heard jointly, and may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. When the actions are to be tried before a jury, the joint hearing or trial shall be on all of the matters in issue in the actions, except as to issues on which jury trial has been waived by all parties. When the actions are not to be tried before a jury, the joint hearing or trial may be on all or any of the matters in issue in the actions.

In Van Zandt v. Dance, 827 S.W.2d 785 (Tenn. App. 1991), the court speaking of Rule 42.01 stated:

The use of the term "may" in the initial portion of this Rule clearly gives the trial court discretion as to whether the facts of a particular case merit consolidation of cases of that type. 1 Am.Jur.2d, Actions in chapter VIII entitled "Consolidation of Actions" has this to say:

§ 157. Consolidation as matter of right or discretion.

In the absence of statute, the consolidation of actions is not a matter of right, but rests in the sound discretion of the court, and its discretion in ordering or refusing consolidation will not be interfered with unless abused.

Van Zandt, at page 787.

We agree with our colleagues that the question is a matter which addresses itself to the discretion of the trial court and the court's judgment thereon will not be disturbed absent a clear showing of abuse of discretion.

6

We find no abuse of discretion on the part of the trial court. Further, we find no merit in the issue presented for review by the appellant. We affirm the judgment of the trial court in all respects. Costs of this appeal are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

_____
Don T. McMurray, J.

CONCUR:

_____
Herschel P. Franks, J.

_____
Charles D. Susano, Jr., J.

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| FRANCES GREGG BRICKELL and | ) | BLOUNT CIRCUIT |
| EDWINA ELLIS COFFEY, | ) | C. A. NO. 03A01-9505-CV-001159 |
| | ) | |
| Plaintiff-Appellees | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. W. DALE YOUNG |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| CITY OF FRIENDSVILLE, | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendant-Appellant | ) | |

## <u>ORDER</u>

This appeal came on to be heard upon the record from the Circuit Court of Blount County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court in all respects. Costs of this appeal are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

PER CURIAM