IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 18, 2012 Session

## LOUIS MOORE v. ALL IN ONE AUTOMOTIVE, INC.

**Appeal from the Circuit Court for Knox County**
**No. 3-479-10     Hon. Wheeler Rosenbalm, Judge**

**No. E2011-02146-COA-R3-CV-FILED-JUNE 22, 2012**

This action originated in Sessions Court, when the plaintiff sued defendant, alleging that defendant had confiscated an automobile of plaintiff's over a disputed debt for repairs on another vehicle.  The Circuit Judge refused to award either party damages, but ordered plaintiff's vehicle to be returned to him.  Plaintiff appealed to Circuit Court, which *inter alia* held that plaintiff was entitled to damages of $663.88.  Defendant was awarded $663.88 under its counter-complaint.  The Court said the two awards offset each other and dismissed all claims and taxed costs equally.  On appeal, we affirm the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Louis Moore, *pro se.*

Melanie Campbell-Brown, Knoxville, Tennessee, for the appellee, All in One Automotive, Inc.

### OPINION

Plaintiff, Louis Moore, filed a civil summons on August 16, 2010, in the General Sessions Court, stating that defendant, All in One Automotive, had wrongfully confiscated his automobile (a Dodge van). Then, on August 24, 2010, plaintiff filed yet another civil summons against defendant, alleging that defendant had illegal seized plaintiff's other

automobile, a Lincoln Continental. The two cases were heard together on September 15, 2010, and the Judge ruled as follows:

> After hearing in open court - it appeared to the Court that a former employee had apparent authority to allow a payment arrangement which effectively defeated the mechanics' lien. The vehicle, a Dodge Ram van, must be returned to the plaintiff after the appeal period has run, if there is no appeal. The second vehicle, which is the subject of 82238G, will remain in the possession of defendant, and plaintiff will finish his payments of $100 per month until the entire bill is paid, at which time, the other vehicle, a Lincoln, will be returned to the plaintiff as well. There is no actual judgment, but the parties may appeal this interlocutory order at any time within the normal appeal period. The cases will be dismissed on 3-7-11 at 1 p.m. if both parties are in compliance with the Court's Order.

The cases were consolidated for the purpose of appeal.

Plaintiff appealed the Court's ruling to the Circuit Court on September 24, 2010, and the case was set for trial on December 14, 2010.

Defendant filed a Counter-Complaint on November 16, 2010, stating that plaintiff and an agent for defendant entered into an oral payment agreement whereby plaintiff would pay $100 per month for repairs completed by defendant. Defendant stated that plaintiff's repairs totaled $1213.88, and that plaintiff paid his payments for 6 months, leaving a balance of $613.88 on the repair bill. Defendant alleged plaintiff stopped making payments in August 2010 and that he owed $613.88 plus storage fees to defendant.

The appeal was dismissed, but the Court ultimately entered an Order setting aside the dismissal and setting the case for Trial in July 2011.

On July 13, 2011, the Court entered an Order stating that plaintiff would be allowed to retrieve his vehicle from defendant's storage lot, and that the trial would be held on September 14, 2011. A hearing was held on September 14, and the Trial Court entered an Order stating that, based on the testimony of plaintiff and plaintiff's witness, the Court found that:

1.     Defendant made repairs to plaintiff's Dodge vehicle;

2.     Plaintiff and defendant entered into a payment arrangement for the service bill, which totaled $1213.88;

3. Plaintiff made payments to defendant totaling $600, then stopped making payments.

4. After a late fee was added, plaintiff still owed defendant $663.88.

5. Defendant wrongfully kept plaintiff's Dodge vehicle. Defendant's agent/employee entered into a special agreement with the plaintiff which did not allow the defendant the right to keep the vehicle to preserve a mechanic's lien.

6. Plaintiff failed to prove conversion damages.

7. It is unclear from the testimony what happened with the plaintiff's Lincoln vehicle - it is unclear what repairs were completed by the defendant on the Lincoln.

8. There is possibly a conversion of the Lincoln, but not enough proof and no proof of damages.

9. Defendant released both vehicles to the plaintiff in a prior Order.

10. Plaintiff acknowledged the counter-complaint and did not contest the amount due under same.

11. A mechanic's lien does not give defendant the right to collect rent for storage, and thus, plaintiff shall not pay any storage fees.

The Court thus ordered that, because the proof from both parties was vague, plaintiff would get $663.88 in damages from defendant for defendant's wrongful possession of the Dodge, and defendant was awarded $663.88 under the counter-complaint. The Court found that the two awards off-set each other and dismissed all claims, and then taxed the costs equally between the parties. Plaintiff filed a notice of appeal and presents these issues before this Court:

1. Whether the Trial Court erred in allowing defendant to keep plaintiff's Lincoln after admission in court that there had been no work done on it?

2. Whether the General Sessions Court acted unfairly in not reprimanding defendant for not answering to a subpoena?

3.      Whether defendant fixed plaintiff's van?

4.      Whether the General Sessions Court erred in combining plaintiff's cases?

5.      Whether the General Sessions Court was unfair in changing its original order?

6.      Whether the Circuit Court erred in not reprimanding defendant for failing to appear in court?

7.      Whether the Circuit Court violated plaintiff's Constitutional rights by proceeding without defendant being present, rather than granting default judgment?

8.      Whether the Circuit Court erred in denying plaintiff's motion to separate the two cases?

9.      Whether the Circuit Court erred in not imposing exemplary or punitive damages against defendant?

10.     Whether defendant should be awarded sanctions against plaintiff for a frivolous appeal?

Plaintiff, proceeding *pro se* in this appeal and his briefs, while purporting to raise numerous issues, do not contain any citations to the record nor to applicable law. Plaintiff's argument section merely states that "defendants are liable" for their wrongful acts and "should be penalized for the pain and suffering" they caused him.

Plaintiff's Brief does not adequately provide this Court with any basis for awarding him relief. Plaintiff has wholly failed to follow Tenn. R. App. P. 27 and Rule 6 of the Rules of the Court of Appeals regarding the contents of his Brief.

Moreover, the deficiency in the record does not enable us to review any issues. A hearing was held before the Circuit Court, but there is no transcript of the hearing nor statement of the evidence, and we must presume that there was sufficient evidence to support what the Circuit Court did and affirm its judgment. *Edwards v. Collins*, 2012 WL 112540 (Tenn. Ct. App. Jan. 12, 2012). As this Court has stated:

The appellant has a duty to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues that form the basis of the appeal. A recitation of facts and argument in an appellate brief does

not constitute evidence and cannot be considered in lieu of a verbatim transcript or statement of the evidence and proceedings. We cannot simply assume that the facts as recited are true. "Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue."

*In re M.R.*, 2008 WL 2331030 (Tenn. Ct. App. June 3, 2008)(citations omitted).

While we are not unmindful of appellant's *pro se* status, we cannot excuse a *pro se* litigant from complying with applicable substantive and procedural law. "Failure to comply with the Rules of Appellate Procedure and the Rules of the Court constitute a waiver of the issues raised". *Wright v. Wright*, 2011 WL 2569758 (Tenn. Ct. App. June 30, 2011).[1]

Defendant raises the issue of whether it should be granted an award of fees on appeal based on Tenn. Code Ann. §27-1-122, and in exercise of discretion we decline to award sanctions. *Bradford v. Pitts*, 2012 WL 273663 (Tenn. Ct. App. Jan. 31, 2012).

The Judgment of the Trial Court is affirmed, and the cause remanded with the cost of the appeal assessed to Louis Moore.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1] Of all the issues raised by plaintiff, most deal with what happened in Sessions Court, which was appealed to and dealt with by the Circuit Court. There is nothing in this record to tell this Court whether defendant failed to answer a subpoena and appear for trial, or whether plaintiff's van was adequately fixed, etc. Further, plaintiff never sought exemplary or punitive damages at the trial court level. The only issue which this Court could possibly even consider for review is whether the Circuit Court erred in failing to separate the two cases that were consolidated by the Sessions Court, but the court has discretion on this issue. *See Van Zandt v. Dance*, 827 S.W.2d 785 (Tenn. Ct. App. 1991).